Justine B. MERCER, Appellant,

v.

Don ROSS, d/b/a Crossroads Travel Agency, Appellee.

No. 12–82–0158–CV.

Court of Appeals of Texas, Tyler.

Jan. 31, 1985.

Rehearing Denied Feb. 21, 1985.

Joe R. Green, Mobley, Green, Harrison & Sparks, Longview, for appellant.

Robin Dale Sage, Longview, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment which reversed a Texas Employment Commission (TEC) award of unemployment compensation benefits to Justine B. Mercer (Mercer), appellant/defendant.

Don Ross d/b/a Crossroads Travel Agency (Crossroads), appellee/plaintiff, brought suit against appellant Mercer and TEC seeking a judgment setting aside a decision of TEC awarding unemployment benefits to Mercer. Crossroads alleged that Mercer is not entitled to receive unemployment compensation because her termination was compelled by her own misconduct; that she committed gross errors in the scheduling and making of reservations for travel customers and conducted her duties with professional discourtesy to customers of Crossroads. Mercer urges that the decision of TEC is supported by substantial evidence.

After a hearing without a jury, the trial court found that TEC's decision was not supported by substantial evidence and remanded the cause to TEC for its entry of an order providing that Mercer is disqualified for benefits beginning April 22, 1981, pursuant to art. 5221b–3(b),[1] and that there be no chargeback to Crossroads' account as a result of this claim, with costs taxed against Mercer.

An agreed statement of facts was filed in the trial court, and an authentic copy of the findings and decision of TEC with appeal

Tribunal Decision attached was also admitted into evidence.

The agreed statement of facts is as follows:

Prior to filing her initial claim for benefits on April 22, 1981, the claimant last worked for this employer as a travel consultant from March 24, 1980 until April 19, 1981. She earned $630 per month. She worked from 8:30 a.m. to 5:30 p.m., Monday through Friday. The claimant in this case was hired for her position with this employer without any prior travel consultant experience. During the course of her employment, the claimant made numerous errors and oversights. The claimant booked airline tickets incorrectly; prepared tickets with incorrect names; booked tickets to incorrect destinations; transposed addresses on reservation cards and would sometimes give out airline schedules before their effective dates. The employer lost one large commercial account because of dissatisfaction with the services performed by the claimant. At least three customers told the employer that they did not want to deal with the claimant at all. Toward the end of her employment, the claimant began keeping a list of her errors in order to try to better herself. The claimant never performed this job in a satisfactory manner. The claimant was discharged for unsatisfactory job performance.

The provisions of the Administrative Procedure and Texas Register Act (APTRA), art. 6252–13a § 19, governed judicial review of decisions of the Texas Employment Commission from its effective date to August 27, 1979. Effective on that date subsection (f) was added to Section 21 of the Act. Subsection (f), now subsection (g),[2] provides that Sections 12–20 (both inclusive) of the Act no longer apply to TEC hearings to determine whether a claimant is entitled to unemployment compensation. *Texas Employment Commission v. Bell*

---

1. This and all other statutory references are to Texas Revised Civil Statutes Annotated unless otherwise noted.

2. See 1984 Cumulative Annual Pocket Part.

*Helicopter International, Inc.*, 627 S.W.2d 524, 526 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

Art. 5221b–3 provides in pertinent part:

*An individual shall be disqualified for benefits:*

(b) *If the Commission finds he has been discharged for misconduct* connected with his last work. The disqualification continues until the claimant has returned to employment and either worked for six weeks or earned wages equal to six times his weekly benefit amount. (Emphasis added.)

Article 5221b–17(q) defines *misconduct* as follows:

*'Misconduct' means* mismanagement of a position of employment by action or inaction, *neglect that placed in jeopardy the lives or property of others,* intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure orderly work and the safety of employees, but does not include an act of misconduct that is in response to an unconscionable act of an employer or superior. (Emphasis added.)

Subsection (q) was added as an amendment to art. 5521b–17 by Acts 1981, 67th Leg. p. 17, ch. 12, § 2, effective March 20, 1981; prior to that date the Texas Unemployment Compensation Act contained no definition of "misconduct."

The central issue in this case is whether Mercer's conduct, as shown by the stipulated facts, constitutes "misconduct" under art. 5221b–17(q) and was a cause of discharge. The TEC decision and the agreed statement of facts recite that the claimant was discharged for "unsatisfactory job performance." Underlying this conclusion are the undisputed facts that the claimant prepared tickets with incorrect names and booked tickets to incorrect destinations.

In three points of error, Mercer contends that the TEC did not apply an improper legal standard in determining misconduct, that the decision of the TEC was supported by substantial evidence, and that the trial court applied the wrong definition to property of others (by including customers of Crossroads). We disagree with these contentions and overrule the points.

■ We agree with the trial court that the TEC applied an improper legal standard in determining misconduct by requiring the showing of some degree of intent or willfulness or such a degree of carelessness as to evidence a disregard as to consequences. *City of Dallas v. Texas Employment Commission*, 626 S.W.2d 549, 551 (Tex.Civ.App. —Texarkana 1981, no writ), cited by both parties, did not involve a construction of the statutory definition of misconduct (art. 5221b–17[q]) and is therefore distinguishable from the instant case. The case at bar appears to be a case of first impression in Texas.

By characterizing Mercer's conduct as "mismanagement" and applying an improper standard, the TEC failed to apply and determine whether Mercer's conduct (including the preparation of tickets with incorrect names and booking of tickets to incorrect destinations) amounted to misconduct as "neglect that places in jeopardy the ... property of others," within the meaning of Sec. 19(q), art. 5221b–17.

■ Airline tickets and reservations are valuable property to the travelling public; and we agree with the trial court that the term "others" includes customers of Crossroads, that the preparation of tickets with incorrect names and booking of tickets to incorrect destinations constitute neglect that places in jeopardy the property of others. To the extent that the TEC decision holds otherwise, it is not supported by substantial evidence.

We also hold that the acts of Mercer in preparing and booking of tickets with incorrect names and to incorrect destinations are not attributable to simple inability, lack of proficiency, and inexperience but to neglect that places in jeopardy the property of others. To the extent the TEC decision holds otherwise, it is not supported by substantial evidence.

The judicial review in the trial court was a trial de novo pursuant to art. 5221b–4(i). The trial court set aside the TEC decision by its judgment finding the decision was not supported by substantial evidence.

We reform the judgment by striking the order of remand to TEC. *Texas Employment Commission v. Bell Helicopter International, Inc., supra* at 527.

As reformed, the judgment of the trial court is affirmed.