Justine B. MERCER, Petitioner,

v.

Don ROSS, d/b/a Crossroads Travel
Agency, Respondent.

No. C–3966.

Supreme Court of Texas.

Jan. 8, 1986.

Mobley, Green, Harrison & Sparks, Joe R. Green, Longview, for petitioner.

Robin D. Sage, Longview, for respondent.

ROBERTSON, Justice.

This is a suit to set aside unemployment benefits. Justine B. Mercer was employed by Crossroads Travel Agency as a travel agent, although she had no previous experience in this type of work. During her period of employment Mercer made a number of errors; she booked tickets incorrectly and prepared them with the wrong names and destinations. She occasionally gave out airline schedules before those schedules became effective, and because of this Crossroads eventually lost a large commercial account. She was never able to do the job to her employer's satisfaction and was discharged. She sought unemployment compensation, and Crossroads objected. The Texas Employment Commission determined that Mercer's actions did not constitute mismanagement; awarded her unemployment benefits; and Crossroads sued to set aside TEC's award. The case was tried on stipulated facts.

The trial court held that TEC had applied an improper legal standard of misconduct and that there was insufficient evidence to support the award. The court of appeals affirmed the judgment of the trial court. 685 S.W.2d 134.

If Mercer is guilty of misconduct, she would not be entitled to unemployment compensation under Tex.Rev.Civ.Stat.Ann. art. 5221b–3 which provides:

An individual shall be disqualified for benefits: (B) if the commission finds he has been discharged for misconduct connected with his last work.

Art. 5221b–17(q) goes on to define misconduct:

"Misconduct" means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, intention-

al wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure orderly work and the safety of employees, but does not include an act of misconduct that is in response to an unconscionable act of an employer or superior.

Appellate review of a TEC decision is provided for under Tex.Rev.Civ.Stat.Ann. art. 5221B–4(i) (Vernon 1971), which requires a trial de novo with substantial evidence review. TEC is specifically excluded from the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 21(g) (Vernon Supp.1985). A trial de novo review of a TEC ruling requires the court to determine whether there is substantial evidence to support the ruling of the agency, but the reviewing court must look to the evidence presented in trial and not the record created by that agency. *Texas Employment Commission v. Holberg,* 440 S.W.2d 38 (Tex.1969); *Jones v. Marsh,* 148 Tex. 362, 224 S.W.2d 198, 202 (1949).

The action of TEC carries a presumption of validity, and the party seeking to set aside the agency's decision has the burden of showing that it was not supported by substantial evidence. *See City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752, 758 (Tex.1966). The reviewing court may not set aside a decision of the Employment Commission merely because it would have reached a different conclusion. It may only do so if it finds TEC's decision to have been made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. *Firemen's and Policemen's Civil Service Commission v. Brinkmeyer,* 662 S.W.2d 953 (Tex.1984); *Texas Employment Commission v. Holberg,* 440 S.W.2d 38 (Tex.1969). To that extent, the trial court was correct in its assessment, that if the agency applied an improper legal standard that standard may be reviewed by that court. However, we hold that the proper standard was used by TEC.

Article 5221b–17(q) delineates a number of acts which may be determined to be misconduct, including mismanagement and placing in jeopardy the property of others. TEC correctly determined that mismanagement, not misconduct in general, requires intent, or such a degree of carelessness as to evidence a disregard of the consequences, whether manifested through action or inaction. If the legislature had intended that mere inability to perform duties required disqualification from benefits it could have stated so. Any employee who is unable to do his job to the satisfaction of his employer lowers profits and to the extent of the time and materials needed to correct mistakes, places in jeopardy the property of his employer or the customer; however, that is not the standard. Mere inconvenience or additional cost incurred by the employer or his customers is not applicable, and TEC is not required to address it.

TEC's standard of misconduct was proper. TEC found there had been no mismanagement and there is no evidence that Mercer's conduct placed the lives or property of others in jeopardy. Therefore, TEC's decision is supported by substantial evidence in the record before us.

We reverse the judgments of the trial court and the court of appeals and render judgment in favor of Mercer in accordance with the decision of the Texas Employment Commission.