Opinion issued December 4, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01104-CV




CITY OF HOUSTON, TEXAS, Appellant

V.

GLINDA MARTIN AND TEXAS WORKFORCE
COMMISSION, Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2000-28777




O P I N I O N
          The City of Houston (the City) appeals the judgment of the trial court affirming
the decision of the Texas Workforce Commission (TWC) that Glinda Martin was not
disqualified for benefits and awarding benefits to Martin. We affirm. 
BACKGROUND
          Martin was employed by the City as a cashier at the Hobby Airport parking lot
toll booth from December 1995 to January 28, 2000. The City decided to privatize
the Parking Management Division, and, in correspondence dated January 12, 2000,
informed the division’s employees that their positions had been eliminated, that they
were identified for layoff, and that their last day of employment with the City would
be Friday, January 28, 2000. The letter stated that the employees would receive
assistance in investigating transfer possibilities with the City, would be placed on a
reemployment list for one year, and would receive out-placement assistance. 
          The City negotiated with the new parking management company to ensure that
the company would hire the City’s laid-off employees at the same wages paid by the
City, with the same work schedules, and with similar benefits. The employees were
informed of this opportunity. 
          Martin told Dolores Rodgers, the City’s assistant director of aviation for the
human resources division, that she wanted to continue her employment with the City. 
Martin applied for approximately seven jobs, but was not hired. Martin did not want
to take the job with the new parking management company because she was
concerned that the cost of health insurance was higher, and she had a son who had
health problems. When Martin had not found another city job by January 28, she told
Rodgers to lay her off. 
          Martin applied for unemployment compensation, and TWC determined that she
was eligible. The City appealed that determination, and the Appeal Tribunal reversed
the decision, ruling that Martin was disqualified under section 207.045 of the
Workers Compensation Act.


 Martin appealed to the full commission, which reversed
the Appeal Tribunal and awarded benefits to Martin. The City sought judicial review
of TWC’s decision, and the trial court affirmed the decision. The City brings this
appeal, contending that the district court incorrectly concluded that TWC’s decision
was supported by substantial evidence and that Martin left her last work voluntarily. 
DISCUSSION
Standard of Review
          The trial court reviews a TWC decision de novo to determine whether there is
substantial evidence to support that decision. Tex. Lab. Code Ann. § 212.202(a)
(Vernon Supp. 2004); Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986); City of
Houston v. Morris, 23 S.W.3d 505, 507 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). “Substantial evidence” is more than a scintilla, but less than a preponderance
of the evidence. City of Houston v. Tippy, 991 S.W.2d 330, 334 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). Under the substantial-evidence review, the
issue is whether the evidence introduced before the trial court shows facts in
existence at the time of TWC’s decision that reasonably support the decision. 
Collingsworth Gen. Hosp. v. Hunnicutt, 988 S.W.2d 706, 708 (Tex. 1998); Morris,
23 S.W.3d at 507. The party seeking to set aside TWC’s decision has the burden of
proving that it is not supported by substantial evidence. Mercer, 701 S.W.2d at 831. 
In determining whether there is substantial evidence to support an agency’s decision,
the trial court determines whether reasonable minds could have reached the same
conclusion the agency reached. Dotson v. Texas State Bd. of Med. Examiners, 612
S.W.2d 921, 922 (Tex. 1981); Morris, 23 S.W.3d at 507. Whether TWC’s decision
was supported by substantial evidence is a question of law. Morris, 23 S.W.3d at
508. The trial court may set aside a TWC decision only if the court finds that the
decision was made without regard to the law or the facts and, therefore, was
unreasonable, arbitrary, or capricious. Mercer, 701 S.W.2d at 831; Morris, 23
S.W.3d at 508. Because the determination of whether TWC’s decision was supported
by substantial evidence is a question of law, our review of the trial court’s
determination is de novo. See El Paso Natural Gas Co. v. Minco Oil & Gas, Inc., 8
S.W.3d 309, 312 (Tex. 1999). We look at the evidence presented to the trial court,
not to the agency record. Nuernberg v. Texas Employment Comm’n, 858 S.W.2d 364,
365 (Tex. 1993).
 

Analysis
          In two points of error, the City contends that the trial court incorrectly
concluded that the decision of the TWC was supported by substantial evidence and
that Martin left her last work voluntarily. The City points out that the commission’s
decision was based not on the facts, but on a statutory interpretation of section
207.045 of the Labor Code.



          The Appeal Tribunal disqualified Martin under section 207.045, which
provides in pertinent part as follows:
(a) An individual is disqualified for benefits if the individual left
the individual’s last work voluntarily without good cause connected
with the individual’s work. 

Tex. Lab. Code Ann. § 207.045(a) (Vernon Supp. 2004). The Appeal Tribunal
concluded that Martin voluntarily left her last work by not choosing to work for the
new management company. TWC reversed the decision of the Appeal Tribunal,
concluding that the City discharged Martin when her position was eliminated due to
privatization. Because the discharge was not due to any misconduct on Martin’s part,
the commission awarded Martin benefits. See Tex. Lab. Code Ann. § 207.044
(Vernon 1999). The trial court was required to affirm TWC’s decision if there was
substantial evidence—more than a scintilla, but less than a preponderance—to
support that decision. 
          The evidence presented at trial consisted of (1) TWC’s findings and decisions,
(2) the Appeal Tribunal’s decision, (3) the January 12, 2000 letter from the City’s
Human Resources Director to Martin informing her of the elimination of her position
and her impending layoff, (4) a transcription of the telephonic hearing before the
Appeal Tribunal, and (5) a chart comparing the City’s benefits with those of the new
management company. The City argues that, because the evidence shows that Martin
declined the offer to be employed at the same job location, with the same pay and
same hours, and with similar benefits, her separation from her job should be
considered voluntary, and benefits should be denied.


 
          The City argues that the “substantial evidence” review should be applied to
place the burden on TWC to show that the finding of the Appeal Tribunal was not
supported by substantial evidence. The City misconstrues the standard of review and
its application. TWC does not conduct a substantial evidence review. According to
the Labor Code, the commission may
(1) on its own motion:
 
(A) affirm, modify, or set aside any decision of an appeal
tribunal on the basis of the evidence previously submitted in the case;
or
 
(B) direct the taking of additional evidence; or
 
(2) permit any of the parties to the decision to initiate a further
appeal before the commission. 

Tex. Lab. Code Ann. § 212.151 (Vernon 1999). Judicial review of the commission’s
decision is by trial de novo based on the substantial evidence rule. Tex. Lab. Code
Ann. § 212.202 (Vernon Supp. 2004). 
          TWC argues that, under section 207.045, an individual is disqualified for
benefits if the individual left his or her last work voluntarily without good cause
connected with the work. Tex. Lab. Code Ann. § 207.045(a) (Vernon Supp. 2004). 
 Martin’s last work was with the City. The City eliminated her position through
privatization. Therefore, Martin did not voluntarily leave her last work and was not
disqualified for benefits under section 207.045. 
          The January 12, 2000 letter from the City to Martin is evidence that Martin’s
position was eliminated and that Martin was scheduled for layoff on January 28,
2000. The testimony of Richard Newton, manager of work force effectiveness for the
Houston Airport System, confirmed that Martin’s position was eliminated. Martin
testified that she filled out applications for several city jobs, but was never granted
any interviews. We hold that there was substantial evidence to support the
commission’s decision granting benefits to Martin.
          We overrule the City’s first and second issues and affirm the judgment of the
trial court.
 

                                                             Sam Nuchia
                                                             Justice

Panel consists of Chief Justices Hedges, Nuchia, and Higley.