IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00436-CV

 

In
re Deere & Company d/b/a John Deere Company and John Deere Construction
& Forestry Company

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relators’ petition for writ of mandamus
is denied, and Relators’ emergency motion for temporary relief is dismissed as
moot.

                                                                                    PER CURIAM

Before
Chief Justice Gray, 

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting with
note)*

Writ
denied 

Opinion
delivered and filed December 22, 2008

[OT06]

 

*           (Chief
Justice Gray dissents.  A separate opinion will not issue.  He notes, however,
that he would request a response for review and determination of whether, as it
appears from the petition, that the request for production is overbroad and the
order requiring production is even more overbroad than the request.)





      Nuernberg was discharged by Milpark on September 17, 1990, and he filed for unemployment
compensation benefits. After the TEC initially determined that Nuernberg was entitled to benefits,
Milpark protested on the grounds that Nuernberg had been discharged for sexual harassment and
poor performance in violation of company policy.
      The TEC conducted a hearing on November 14 to consider Milpark's evidence. Nuernberg
and his attorney appeared; Milpark did not. The hearing officer found that, although all parties
had been given notice of the appeals hearing, Milpark did not appear nor did it present any
evidence. The appeal tribunal found no reason to disturb the initial determination.
      Milpark asked for a new hearing stating that it had contacted the hearing officer prior to the
November 14 hearing and informed him that a key Milpark witness would be out of the country
that day on a prior business commitment. The TEC conducted a new hearing to determine
whether good cause existed for Milpark's failure to appear at the November 14th hearing. The
hearing officer found that Milpark had contacted the TEC prior to the hearing and that it had not
appeared because a first-hand witness had been unavailable. The hearing officer then proceeded
to hear evidence and determined that Nuernberg had been discharged because of misconduct. 
Specifically, he found that Nuernberg had engaged in mismanagement of his position when,
despite prior counseling not to do so, he followed female co-workers to their cars and followed
them throughout the day and after work. The Commission upheld the finding of the tribunal.
      Nuernberg filed suit seeking a finding that the Commission's decision was not supported by
substantial evidence and requesting an award of unemployment benefits. The TEC and Milpark
filed a motion for summary judgment asserting that there was substantial evidence to support the
TEC decision denying benefits.
      Nuernberg appeals on two points alleging that the court erred in granting the summary
judgment. First, he asserts that substantial evidence does not support the finding of good cause
for Milpark's failure to appear at the November 14th hearing. Second, he asserts that the
summary-judgment proof does not establish as a matter of law that he intentionally mismanaged
his position of employment.
      In his first point, Nuernberg asserts that the court erred in the granting summary judgment
because substantial evidence does not support the TEC's finding of good cause to conduct a new
appeal tribunal hearing. When the interpretation of an agency's regulation forms the basis of an
appellate complaint, the proper standard of review is abuse of authority. Sonic Drive-In v.
Hernandez, 797 S.W.2d 254, 256 (Tex. App.—Corpus Christi 1990, writ denied). 
      Commission Rule 16 provides in part:
Any party to the appeal who fails to appear at a hearing may within 14 days from the date the
decision is mailed petition for a new hearing before the appeal tribunal. Such petition shall
be granted if it appears to the appeal tribunal that the petitioner has shown good cause for his
failure to appear at the hearing.

40 Tex. Admin. Code § 301.16(5) (West Supp. 1992). 
      The appeal tribunal heard evidence and made the following findings of fact: (1) Milpark did
not appear at the initial hearing because one of its firsthand witnesses was unavailable at the time
of the hearing; (2) a Milpark representative had called the hearing officer prior to the hearing to
explain that one of the primary firsthand witnesses would be unavailable; (3) the witness's
unavailability was scheduled prior to the time the hearing was scheduled. The tribunal made the
following conclusions: (1) Milpark had good cause to request resetting the hearing because one
of its firsthand witnesses was unavailable at the time of the hearing; (2) Milpark took steps to call
the hearing officer prior to the hearing to explain that the witness would be unavailable. The
tribunal determined that Milpark had established good cause for failing to appear at the previous
hearing and granted the request for a new hearing.
      Joe Winkler, the witness who had been unavailable, testified that he had counseled Nuernberg
in 1989 about his following certain female employees. Winkler cautioned Nuernberg that
disciplinary action would be taken if the conduct recurred and terminated him when he became
aware of subsequent complaints of female co-workers. 
      Nuernberg cites a commission decision in which the employer's only firsthand witness did not
attend the hearing because, prior to receiving notice of the hearing, he had purchased non-refundable airline tickets for a vacation coinciding with the hearing date. Appeal No. 89-08766-10-081589. The Commission found good cause had been established by the employer for its
nonappearance. Nuernberg asserts that Winkler was of four witness—rather than the only
firsthand witness—and that his testimony was cumulative of other witnesses. However, Winkler
was the only witness to testify regarding his prior counseling of Nuernberg, his decision to
terminate him, and his discussion with Nuernberg of the reasons for his termination. Thus, we
do not find that the TEC abused its authority in finding good cause to grant a new hearing. We
overrule point one.
      In point two, Nuernberg asserts the court erred in granting the summary judgment because
the proof did not establish as a matter of law that he intentionally mismanaged his position of
employment. The appeal tribunal determined that Milpark discharged Nuernberg for misconduct
connected with his work and that he was therefore disqualified to receive unemployment benefits.
      Appellate review of a decision of the TEC is governed by the substantial evidence rule. 
Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986). Under a substantial evidence review, the
issue before the appellate court is whether facts existing at the time of the TEC decision reasonably
support its ruling. Texas Employment Comm'n v. Southside Indep. School Dist., 775 S.W.2d 733,
734 (Tex. App.—San Antonio 1989, writ denied). "Although substantial evidence must be more
than a mere scintilla, it need not be a preponderance. In fact, the evidence may be substantial and
yet greatly preponderate the other way." Olivarez v. Aluminum Corp. of America, 693 S.W.2d
931, 932 (Tex. 1985). The decision of the TEC carries a presumption of validity, and a reviewing
court may not set it aside merely because the court would have reached a different conclusion. 
Mercer, 701 S.W.2d at 831. The reviewing court may only set aside the agency decision if it
finds that the TEC's decision was made without regard to the law or the facts and is therefore
unreasonable, arbitrary, or capricious. Id. Nuernberg has the burden of showing that the TEC's
decision was not supported by substantial evidence. See id. The determination of whether the
TEC's decision was supported by substantial evidence is a question of law. See Arrellano v. Texas
Employment Comm'n, 810 S.W.2d 767, 770 (Tex. App.—San Antonio 1991, writ denied). 
      Misconduct, as defined by the Unemployment Compensation Act, is:
. . . mismanagement of a position of employment by action or inaction, neglect that places in
jeopardy the lives or property of others, intentional wrongdoing or malfeasance, intentional
violation of a law, or violation of a policy or rule adopted to ensure orderly work and the
safety of employees . . . .

Tex. Rev. Civ. Stat. Ann. art. 5221b-17(q) (Vernon 1987). Nuernberg contends that there is
no evidence that he intentionally mismanaged his position. Mismanagement requires a showing
of intent or a degree of careless behavior that shows disregard for the consequences. Mercer, 701
S.W.2d at 831.
      Nuernberg had been counseled by his employer to stop following female employees and had
been warned he would be discharged if his actions did not cease. Two women testified before the
appeal tribunal that Nuernberg had followed them to their cars during and after working hours,
that he had repeatedly asked one woman for a date although she told him she had a boyfriend, and
that he blocked the vehicle of the other woman after she refused to engage in a conversation with
him. Having been warned by his employer, Nuernberg persisted in following and harassing
female employees. Mismanagement may be shown by a degree of careless behavior that shows
disregard for the consequences. Id. Substantial evidence supports the finding of misconduct. We
overrule point two.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed November 25, 1992
Do not publish Released for publication Rule 90(c) T.R.A.P.