Reversed and Rendered and Memorandum Opinion filed February 19, 2009








Reversed
and Rendered and Memorandum Opinion filed February 19, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00407-CV

____________

 

TEXAS WORKFORCE COMMISSION, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2003-35535

 



 

M E M O R A N D U M   O P I N I O N

The City of Houston filed suit against the Texas Workforce
Commission appealing the commission=s declaration that
the city=s protest of an
unemployment-benefits claim was untimely and that the city had therefore waived
its right to appeal an award of unemployment compensation.  The trial court
reversed the commission=s decision, holding that it was not
supported by substantial evidence.  The commission timely filed this appeal. 








I.  Factual and Procedural Background

On November 3, 2001, Willinda Adams began her job as a
collector/adjustor in the City of Houston=s Municipal Courts
Administration Department.  On October 1, 2002, she was fired for excessive
tardiness.  Within days of her termination, Adams filed a claim for
unemployment benefits with the commission.  On October 15, a claims adjudicator
for the commission mailed notice of Adams=s claim to the
city.  The notice indicated that the city had until October 29 to protest the
claim.  The senior paralegal for the city=s legal department,
Ella West, was the city=s designated representative for handling
commission claims. On October 29, West received a phone message from Isabelle
Ortega, a commission claims adjudicator, asking that the city provide her with
information about Adams=s termination.

In the recorded message, Ortega stated that if the
commission had not received the information by October 31, it would decide the
fate of Adams=s claim with just the information it had already
received.  West testified that when she heard the message, she took it Ato mean that
[Ortega] had extended the deadline.@  On October 30,
one day after the deadline set forth in the notice of claim to the commission,
West faxed the city=s notice of protest as well as the
information Ortega had specifically requested about the termination.








On November 1, Ortega denied Adams=s claim for
unemployment benefits.  Her decision did not address the timeliness of the city=s protest.  Adams
appealed Ortega=s decision to the commission=s appeals
tribunal.  On January 13, 2003, the tribunal reversed Ortega=s decision and
ruled that Adams was entitled to unemployment compensation.  Again, the appeals
tribunal did not address the timeliness of the protest.  The city then appealed
the tribunal=s decision to the commission itself.  On February 26,
2003, the commission ruled that the city=s initial protest
was filed late and that the city had Awaived all rights
in connection with the claim, including rights to appeal.@  Accordingly, the
commission dismissed the appeal and affirmed the appeals tribunal.  After the
commission denied the city=s motion for rehearing on April 11, 2003,
the city appealed to district court. That appeal was assigned a separate cause
number from the case before us now, and the two cases are distinct from one
another.

          The
appeal before us now originated with a hearing examiner=s decision on
February 21, 2003.  That decision addressed only the timeliness of the city=s initial protest
and whether the city had been granted an extension.  The examiner ruled that
the protest was untimely, that the city had not received an extension, and that
it had waived its right to appeal the decision awarding benefits to Adams.  On
April 11, 2003, the same day that the commission denied the city=s motion for
rehearing on the benefits claim, the appeals tribunal affirmed the hearing
examiner=s decision.  The
commission, in turn, affirmed the tribunal on June 2, and expressly adopted its
reasoning.  The city then appealed the commission=s decision to
district court.  In a bench trial, the district court determined that the
decision was not supported by substantial evidence and reversed it.  The
commission filed a plea to the jurisdiction and a motion for new trial, both of
which the district court denied.  This appeal followed.

The commission presents four issues for review: (1) whether
the district court had jurisdiction to review the commission=s April 11
decision awarding benefits to Adams, (2) whether the district court had
jurisdiction to review the commission=s June 2 decision
addressing the timeliness of the city=s protest, (3)
whether the commission=s June 2 decision was supported by
substantial evidence, and (4) whether the district court could rule on the
merits of Adams=s benefits claim.  We will address
subject-matter jurisdiction first, then whether the city received an extension
to protest the initial claim.  We need not address the merits of Adams=s
unemployment-benefits claim for the reasons set forth below.

II.  Jurisdiction








The commission argues that this court does not have
subject-matter jurisdiction to review its decision of April 11, 2003, denying
the city=s motion for
rehearing on the benefits claim.  Because that decision was separate from the
line of decisions that led to this appeal, we agree.

The courts have subject-matter jurisdiction to review only
a final decision by the commission.  See Tex. Lab. Code Ann. ' 212.201 (Vernon
2006).  The examiner determined on February 21 that the city filed its protest
one day late and therefore waived its rights to  appeal the decision on the
protest.  The February 21 decision did not address whether the employee was
eligible to receive unemployment benefits.  Because timeliness was the only
issue addressed in the February 21 decision, that was the only issue properly
before the appeals tribunal when it affirmed the February 21 decision on April
11, and it was likewise the only issue before the commission when it affirmed
the April 11 tribunal decision on June 2.  The case before us now concerns only
the city=s appeal of the
commission=s decision on June 2.  The scope of this court=s jurisdiction
only extends as far as the language of the decision being appealed.  Therefore,
we have subject-matter jurisdiction only over the June 2 decision regarding the
timeliness of the city=s protest, and not over the April 11
decision by the commission on the city=s motion to rehear
Adams=s
unemployment-benefits claim.








The commission also asserts that we do not have
jurisdiction to review the commission=s June 2 decision
in which it determined that the city=s protest was
untimely.  We disagree.  To have jurisdiction to review a commission decision,
the party bringing suit must take two procedural steps.  First,  the party
claiming to be aggrieved by a final decision of the commission must have
exhausted the available administrative remedies.  Tex. Lab. Code Ann. ' 212.203(a)
(Vernon 2006).  The
commission asserts that a failure to comply with statutory deadlines results in
a failure to exhaust administrative remedies and, as a result of this failure,
the city cannot exhaust administrative remedies.  See Brown v. Tex.
Employment Comm=n, 801 S.W.2d 5, 7 (Tex. App.CHouston [14th Dist.] 1990, writ
denied).  However, the statutory deadline in Brown dealt with time
requirements to appeal, not time requirements to protest.  In this case, the
city timely filed each appeal within the agency.  The city exhausted
its remedies when it appealed this decision to the highest tribunal within the
commission.  

Second, a party aggrieved by a final decision of the
commission must bring an action in a court of competent jurisdiction against
the commission on or after the date on which the decision is final, and not
later than 14 days thereafter.  Tex. Lab. Code Ann. ' 212.201(a).  A
decision of the commission becomes final 14 days after the date the decision is
mailed.  Tex. Lab. Code Ann. ' 212.153 (Vernon 2006).   In this case,
the commission=s decision was mailed on June 2 and became final on
June 16.  The last day to appeal was June 30.  The city filed its petition in
the district court on June 26.  Therefore, the appeal was timely, and we have
subject-matter jurisdiction over the June 2 decision.  

III.  Issues and Analysis

On June 2, the commission issued a decision holding that
(1) the claims adjudicator did not grant the city an extension of the protest
deadline, (2) the city did not protest within the allotted time, and (3) the
city waived the right to protest and appeal the benefits claim.  The city
appealed this decision to the district court arguing that there was not
substantial evidence to support the commission=s decision.  The
city argued that either Ortega gave the city an extension to file a protest or
that the city was entitled to an extension under the Texas Administrative Code
because it had been misled.  See 40 Tex. Admin. Code ' 815.32 (2000). 
The district court agreed with the city, holding that an extension had been
given and that there was not substantial evidence to the contrary.  We
disagree.

A. 
Was the City Given an Extension?








The city argues that when Ortega left the telephone message
for West, it amounted to the commission giving the city an extension.  The
commission argues that Ortega contacted the city merely to gather information
the commission needed to decide the claim, regardless of whether the city
protested.  In other words, the commission argues that the telephone- message
request for information was distinct from and irrelevant to the protest
deadline of October 29.  

Judicial review of a commission decision is by trial de
novo based on the substantial- evidence rule.  Tex. Lab. Code Ann. ' 212.202(a).  The
substantial-evidence rule requires the court to determine, as a matter of law,
whether the commission=s decision is supported by substantial
evidence.  Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986); Hernandez
v. Tex. Workforce Comm=n, 18 S.W.3d 678,
681 (Tex. App.CSan Antonio 2000, no pet.); Direct Commc=ns, Inc. v.
Lunsford, 906 S.W.2d 537, 541 (Tex. App.CDallas 1995, no
writ).  Reviewing courts are not bound by, nor do they review, the commission=s findings of
fact.  Hernandez, 18 S.W.3d at 681; Direct Commc=ns., 906 S.W.2d at
541.  The trial court bases its decision on the evidence admitted at the trial
de novo, not the evidence presented at the commission hearing.  Mercer,
701 S.W.2d at 831; Hernandez 18 S.W.3d at 681.  The purpose of the de
novo trial is not to substitute the court=s judgment for
that of the agency on controverted issues of fact.  Mercer, 701 S.W.2d
at 831; Hernandez 18 S.W.3d at 681. Rather, the court may only set aside
the commission=s decision if the decision was made without regard to
the law or the facts and was therefore unreasonable, arbitrary, or capricious. 
Mercer, 701 S.W.2d at 831; Hernandez 18 S.W.3d at 681. 

While the language of the telephone message may be open to
a different interpretation, it is not within the court=s power to
substitute its own judgment for that of the agency.  See Mercer, 701 S.W.2d
at 831.  So long as reasonable minds could interpret the message as a request
for information rather than as an extension of time to protest, the agency
decision must be affirmed.  In this case, Ortega did not unambiguously tell the
city that it was being granted an extension.  Moreover, the commission=s interpretation
of the message=s meaning as merely a request for information is not
unreasonable.  We conclude that there is substantial evidence to support the
agency=s finding that the
message did not amount to an extension.








B. 
Was the City Misled into Believing There Was an Extension?

The city also argues, and the district court agreed, that
the city was misled into believing that there was an extension and that, as a
result, the city had a right to appeal the November 1 decision on the merits of
the benefits claim.  The city relies on the following language from the Texas
Administrative Code: 

(a) Unless otherwise specified in this chapter, appeals time frames are
generally determined within these guidelines:

(1) as established in
the Texas Unemployment Compensation Act; and

(2) are extended one working day following a deadline which falls on a
weekend, an official state holiday, a state holiday for which minimal staffing
is required, or a federal holiday.

. . .

(i) Exceptions.  The substantive nature of certain cases
causes, or creates, exceptions to the general timeliness rules, even where
notice is proper or response is clearly late.

. . .

(7) Timeliness sanctions shall not apply when an Agency representative
or a representative of a Board or an agent state representative has given
misleading information on appeal rights to a party, if the party:

(A) specifically establishes how the party was misled; or 

(B) specifically establishes what the party was told that
was misleading and, if possible, by whom the party was misled. 

 

40
Tex. Admin. Code ' 815.32.  The commission responds that
section 815.32 applies only when a party was misled specifically about the right
to appeal.  We agree with the commission.  Section 815.32 does not provide
extensions to the statutory time available to protest.  








When interpreting the meaning of a rule, a court will
follow the rule=s plain language.  See Bragg v. Edwards
Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002).  Section 815.32 removes
timeliness sanctions in the case of an untimely appeal when the commission
provided misleading information about the party=s rights to
appeal.  Section 815.32 does not provide a remedy when misleading information
is given about the time allowed to protest a claim.   The city argues that it
was misled into believing that it had an extension to file its protest, but it
does not present how the phone message constitutes Amisleading
information on appeal rights.@  For this reason, we hold that title 40,
section 815.32, does not apply.

Accordingly, we reverse the trial court=s judgment and
render judgment affirming the commission=s decision that
the city=s protest to
Willinda Adams=s unemployment-benefits claim was untimely.                       

 

 

/s/        Jeffrey V. Brown

Justice

 

 

 

Panel consists of Justices Yates, Anderson, and Brown.