COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





VICTOR URANGA,

                                    Appellant,

v.

THE TEXAS WORKFORCE
COMMISSION and 
NATIONWIDE MUTUAL INSURANCE
COMPANY,

                                    Appellees. 

§
 
§
 
§
 
§
 
§

§

 §



No. 08-08-00048-CV

Appeal from
 168th District Court

of El Paso County, Texas

(TC # 2007-1316)



 

 

 




O P I N I O N

            Victor Uranga, pro se, appeals from a summary judgment granted in favor of the Texas
Workforce Commission and Nationwide Mutual Insurance Company. For the reasons that follow,
we affirm.
FACTUAL SUMMARY
            Victor Uranga was employed by Nationwide Mutual Insurance in El Paso, Texas, as a
Financed Agent from January 6, 2003 until November 8, 2005. According to Nationwide, a
Financed Agent is an employee-agent who builds an insurance agency to the point where the agency
is financially self-supporting, at which time the Financed Agent becomes an independent contractor. 
Uranga’s duties included managing staff, acquiring new policy holders, and servicing existing
policyholders. In June 2005, Uranga’s manager, Sanford Scott, met with Uranga to address his poor
job performance. Despite that meeting, Uranga continued to under-perform over the course of the
next two months. Scott set up meetings with Uranga on three different dates in September and
October, but Uranga either asked to reschedule or did not appear. When Uranga did not attend the
third meeting, Scott left a voice mail instructing Uranga to call him immediately. Uranga failed to
return the call. Through further investigation, Scott learned that Uranga had been absent from the
office for most of August and September and that he had removed computer equipment and all of
his personal belongings from the El Paso office. Scott concluded that Uranga had abandoned his
position of employment with Nationwide. On November 7, 2005, Scott wrote a letter to Uranga
informing him that Nationwide considered his employment to have ended. 
            Uranga filed a claim for unemployment benefits. TWC determined that Uranga was
disqualified under Section 207.045 of the Texas Labor Code because he had voluntarily resigned his
employment without good cause connected with the work. Uranga appealed but the Texas
Workforce Commission Appeal Tribunal affirmed the decision denying Uranga unemployment
benefits on the ground he was disqualified. Uranga appealed again but TWC affirmed the Appeal
Tribunal’s decision. Uranga then filed suit in district court against TWC and Nationwide seeking
judicial review of TWC’s decision.
            TWC and Nationwide filed a joint motion for summary judgment urging that the case is
limited to a substantial evidence review and there was more than a scintilla of evidence supporting
TWC’s decision. Uranga filed a response and attached evidence, but the trial court sustained
Nationwide’s objections to a compact disc (Exhibit A) and excluded it from consideration. The trial
court granted the joint motion for summary judgment and this appeal follows.
DENIAL OF TRIAL DE NOVO
            In his first issue, Uranga contends that the trial court denied him a trial de novo because it
failed to make a full and fair determination of the TWC decision and his Fair Labor Standards Act
claims. 
Fair Labor Standards Act Claims
            We will first address Uranga’s argument that the trial court denied him a trial on his Fair
Labor Standards Act claims. The record does not support his assertion that he has made an
independent claim under FLSA. The TWC’s decision shows that Uranga argued that he resigned
with good cause because he had been required to work overtime without compensation, but there is
nothing to indicate Uranga ever presented an independent claim under FLSA. Uranga’s pleadings
in the trial court are limited to seeking judicial review of TWC’s decision on his unemployment
benefits. The only relief he sought was a determination that TWC’s decision was erroneous and a
finding he was entitled to unemployment benefits. The first part of Uranga’s argument is without
merit. We turn now to review the propriety of the summary judgment granted in favor of
Nationwide and TWC.
Substantial Evidence Review
            The trial court reviews a TWC decision regarding benefit payments de novo to determine
whether there is substantial evidence to support that decision. Tex.Lab.Code Ann. § 212.202(a)
(Vernon 2006); Collingsworth General Hospital v. Hunnicutt, 988 S.W.2d 706, 708 (Tex. 1998). 
TWC’s ruling carries a presumption of validity, and the party seeking to set aside the decision has
the burden to show that it was not supported by substantial evidence. Collingsworth General
Hospital, 988 S.W.2d at 708. Under the substantial evidence standard of review, the issue is whether
the evidence introduced before the trial court shows facts in existence at the time of TWC’s decision
that reasonably support the decision. Id. The reviewing court may not set aside a TWC decision
merely because it would reach a different conclusion. Id. It may do so only if it finds that TWC’s
decision was made without regard to the law or the facts and therefore was unreasonable, arbitrary,
or capricious. Id.
            Whether TWC’s decision is supported by substantial evidence is strictly a question of law.
Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986). Substantial evidence is more than a mere scintilla
of evidence but less than a preponderance of evidence. City of Houston v. Tippy, 991 S.W.2d 330,
334 (Tex.App.--Houston [1st Dist.] 1999, no pet.). Consequently, the evidence may preponderate
against TWC’s decision but still amount to substantial evidence. Id.
Summary Judgment Standard of Review
            In a summary judgment case, the issue on appeal is whether the movant met the summary
judgment burden by establishing that no genuine issue of material fact exists and that the movant is
entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). We review all summary judgments
de novo. Valence Operating Company v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). The standard
for reviewing a traditional summary judgment is well established: (1) the movant must demonstrate
that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
(2) in deciding whether a disputed issue of material fact exists that would preclude summary
judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every
reasonable inference and resolve any doubts in favor of the non-movant. Nixon v. Mr. Property
Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). 
 

Substantial Evidence Supports
TWC’s Decision as a Matter of Law

            The issue before us is whether the summary judgment evidence established as a matter of law
that substantial evidence existed to support TWC’s decision. Nationwide and TWC attached to their
motion for summary judgment the affidavit of Sanford Scott and TWC’s written decision.
            Scott’s affidavit established that Uranga had been employed by Nationwide from January of
2003 to November 2005. As an agent, Uranga would have a full day but he was able to set his own
office hours. Uranga was aware at the time he was hired of the job responsibilities and the required
time commitment. When Uranga’s job performance became a problem, Scott met with him to
discuss the deficiencies in his operation. Uranga’s job performance did not improve and Scott
attempted to meet with him again, but Uranga did not attend the scheduled meetings. Scott
subsequently discovered that Uranga had been absent from the office for most of the two previous
months and he had removed computer equipment and personal belongings. Scott determined Uranga
had abandoned his employment and wrote Uranga a letter notifying him that Nationwide considered
his employment at an end. 
            TWC determined that Uranga was disqualified from receiving unemployment benefits
pursuant to Section 207.045(a) of the Texas Labor Code because he voluntarily resigned without
good cause connected with his work. See Tex.Labor Code Ann. § 207.045(a)(Vernon 2006). 
TWC defined good cause in its written decision as follows:
Good cause connected with the work for leaving, as that term is used in the law of
unemployment insurance, means that cause, related to work, as would induce a
person who is genuinely interested in retaining work to nevertheless leave the job. 

Uranga maintains, as he did before TWC, that he resigned for good cause on three grounds. First,
Uranga claimed he had been required to work overtime without being paid time-and-a-half. TWC
found that while Uranga was required to work excessively long hours, he acquiesced in this
requirement by working under those conditions from the inception of his employment. TWC’s
finding is supported by Scott’s affidavit. According to TWC, if a claimant works under
objectionable conditions for a prolonged time, this weighs against a finding that the eventual
resignation was for good cause. Second, Uranga argued that he resigned because he believed he was
about to be laid off. TWC rejected this argument because Uranga had not received any affirmative,
definite notice from the employer that his separation from employment was imminent. TWC’s
finding is supported by Scott’s affidavit. TWC cited precedent holding that leaving a job when work
is still available, even when definite notice of layoff was given, is considered to be a voluntary
resignation without good cause. Finally, Uranga alleged that his supervisor had acted in bad faith
to create a record to justify his eventual discharge. TWC found the evidence on this point was too
speculative to support a finding of good cause. 
            Uranga presented two pieces of evidence with his summary judgment response, namely, the
purported transcript of the TWC proceedings, which the trial court excluded, and the affidavit of his
supervisor, Sanford Scott. Scott’s affidavit shows that Uranga resigned but it does not provide any
support for Uranga’s arguments that he resigned for good cause nor does it show that TWC’s
decision was not supported substantial evidence. Because we conclude that the trial court properly
granted summary judgment in favor of TWC and Nationwide, we overrule Issue One.
EXCLUSION OF SUMMARY JUDGMENT EVIDENCE
            In Issue Two, Uranga complains that the trial court erred by excluding a purported transcript
of the TWC hearing. Both TWC and Nationwide respond that Uranga has waived his complaint
because the excluded evidence has not been brought forward on appeal. We agree. Although Texas
Rule of Appellate Procedure 35.3(a) places the burden to timely prepare, file, and certify the clerk’s
record on the trial court clerk, the appellant bears the burden to bring forward an appellate record that
enables us to determine whether the appellant’s complaints constitute reversible error. Crown Asset
Management, LLC v. Dunavin, No. 05-07-01367-CV, 2009 WL 2837754 (Tex.App.--Dallas
September 4, 2009, no pet.); see W & F Transp., Inc. v. Wilhelm, 208 S.W.3d 32, 37 (Tex.App.--Houston [14th Dist.] 2006, no pet.)(noting that historically, burden falls on appellant to see that
sufficient record is presented showing reversible error). Because the evidence has not been included
in the record, we are unable to review Appellant’s complaint. We overrule Issue Two and affirm the
judgment of the trial court below.

February 24, 2010                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, J., and Macias, Judge
Macias, Judge, sitting by assignment