

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00445-CV

**KENNETH HARDING,**

                                                 **Appellant**

 v.

**TEXAS WORKFORCE COMMISSION
AND ALL FREIGHT SYSTEMS,**

                                                 **Appellees**

_____

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C201100175

_____

## MEMORANDUM OPINION

_____

After being denied unemployment compensation benefits by the Texas Workforce Commission (TWC), Appellant Kenneth Harding, appearing pro se, sought judicial review of that decision. After a bench trial,[1] the trial court affirmed the TWC's decision, and Harding appeals. We will affirm.

---

[1]Harding, who is pro se on appeal, failed to request preparation of a reporter's record, so this appeal is being determined on the clerk's record alone.

A party "aggrieved by a final decision" of the Texas Workforce Commission may obtain judicial review of that decision. *See* TEX. LAB. CODE ANN. § 212.201 (West 2006). Judicial review is "by trial de novo based on the substantial evidence rule." *Id.* § 212.202. Under this hybrid review, the trial judge "conducts an evidentiary hearing for the limited purpose of determining 'whether at the time the questioned order was entered there then existed sufficient facts to justify the agency's order.'" *Bd. of Tr. of Big Spring Firemen's Relief & Ret. Fund v. Firemen's Pension Comm'r,* 808 S.W.2d 608, 612 (Tex. App.—Austin 1991, no writ) (quoting *Gerst v. Nixon,* 411 S.W.2d 350, 354 (Tex. 1966)); *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex. 1984) ("The reviewing court must inquire whether the evidence introduced before it shows facts in existence at the time of the administrative decision which reasonably support the decision."). While the trial judge "must hear and consider evidence to determine whether reasonable support for the administrative order exists," the "agency itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law." *Brinkmeyer,* 662 S.W.2d at 956. The appellate court reviews the trial court's judgment. *Potts v. Tex. Emp't Comm'n,* 884 S.W.2d 879, 882 (Tex. App.—Dallas 1994, no writ).

*Cooper v. Tex. Workforce Comm'n,* 343 S.W.3d 310, 312 (Tex. App.—Dallas 2011, pet. denied).

The Commission's decision carries a presumption of validity, and the party seeking to set it aside has the burden of showing that it was not supported by substantial evidence. *Mercer,* 701 S.W.2d at 831. Although substantial evidence is more than a mere scintilla, the evidence in the record may actually preponderate against the agency's decision and nonetheless amount to substantial evidence. *See State v. Public Util. Comm'n,* 883 S.W.2d 190, 204 (Tex. 1994). While the court will hear and consider evidence to determine whether reasonable support for the agency's order exists, the agency remains the primary fact-finding body, and the question for the district court is strictly one of law. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex. 1984). The challenging party must therefore produce evidence that conclusively negates all reasonable support for the agency's decision, on any possible ground. *Id.* Thus, the reviewing court may set aside an agency's decision only if it finds that the decision was made without regard to the law or the facts and was therefore unreasonable, arbitrary, or capricious. *Mercer,* 701 S.W.2d at 831.

*Pavelka v. Tex. Workforce Comm'n,* No. 03-05-00293-CV, 2006 WL 2852507**,** at *3 (Tex.

App.—Austin 2006, no pet.) (mem. op.).

As we noted above, we do not have a reporter's record of the trial because

Harding appears to not have requested its preparation.

> Judicial review of the Commission's decisions on unemployment
> benefits is by trial de novo under the substantial evidence standard. *See
> id*. § 212.202(a) (West 2006). A de novo review of a Commission decision
> requires the reviewing court to determine whether the Commission's
> decision is supported by substantial evidence. *Mercer v. Ross*, 701 S.W.2d
> 830, 831 (Tex. 1986). Reviewing courts are not bound by, nor do they
> review, the Commission's findings of fact. *See Hernandez v. Texas
> Workforce Comm'n*, 18 S.W.3d 678, 681 (Tex. App.—San Antonio 2000, no
> pet.). The reviewing court determines whether the evidence introduced at
> the trial de novo shows facts in existence at the time of the Commission's
> decision that reasonably support the decision. *Collingsworth Gen. Hosp. v.
> Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). The reviewing court's ruling
> must be based on the evidence admitted at the trial de novo—not the
> evidence presented at the Commission hearing. *Nuernberg v. Texas
> Employment Comm'n*, 858 S.W.2d 364, 365 (Tex. 1993) (per curiam); *Mercer*,
> 701 S.W.2d at 831.

*Id.*

The clerk's record contains the TWC administrative hearing and record, and the

TWC's brief on appeal states that Harding did not introduce any evidence independent

of the TWC record. Because it appears that Harding may have relied solely on the

administrative record at trial, we will consider his appellate issues based on the

administrative record. *See* TEX. R. APP. P. 37.3(c) (if no reporter's record filed due to

appellant's fault, appellate court may consider and decide issues not requiring

reporter's record).

Harding applied for employment with All Freight, a transportation company, in

January 2010. The job application asked if Harding had "ever" been convicted of a felony, and if so, to give details. Harding left the question unanswered, but actually Harding had been convicted of a felony in 1995. All Freight's initial criminal background check did not turn up that felony conviction because it was limited to specific counties, and Harding was hired. After Harding was employed, a statewide criminal background check revealed his felony conviction, and All Freight terminated Harding for failing to disclose the felony conviction on his job application.

Harding sought unemployment compensation benefits, and after a hearing, the TWC determined that Harding was disqualified from receiving unemployment compensation because he was discharged for misconduct by omitting his felony conviction on his job application. *See* TEX. LAB. CODE ANN. § 207.044 (West 2006). In the TWC hearing, Harding testified that he did not answer the question about any felony convictions because he wanted clarification from All Freight on whether he was required to disclose a felony conviction that was more than ten years old; Harding did not want to disclose his felony conviction unless he had to. Harding said that no one responded to his request for clarification, and he was hired and told he had passed a background check. About six months later, Harding's felony conviction was discovered and he was fired.

The TWC hearing officer found that All Freight's job application asked if Harding had "ever" been convicted of a felony, and if so, to give details. Harding did not answer the question. Regarding Harding's contention that he wanted clarification on whether he was required to disclose a felony conviction that was more than ten years

old, the hearing officer noted that the question specifically asked if Harding had *ever* been convicted of a felony without any time limitation. Thus, the hearing officer concluded that Harding lacked a good reason for failing to answer the question and that, because omission of material information on a job application is generally misconduct, Harding was disqualified from receiving unemployment compensation because he was discharged for misconduct. *See Pavelka*, 2006 WL 2852507 (falsification by misrepresentation or omission of material information on employment application is misconduct regardless of when information is discovered). The TWC affirmed the hearing officer's decision.

In this appeal, Harding asserts two issues that essentially complain that his failure to answer the felony conviction question was not misconduct because he sought clarification and because All Freight was at fault because it did not respond to his request for clarification or inquire about the unanswered question on his application, and because its initial background check did not uncover Harding's felony conviction. Harding made most of these arguments before the TWC, which did not give them merit because the application question specifically asked if Harding had *ever* been convicted of a felony, and Harding admitted that he had been and failed to answer the question accurately.

Harding presented no evidence to the trial court establishing that the TWC's decision was unreasonable, arbitrary, or capricious. *See Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Because the TWC's decision carries the presumption of validity, Harding did not meet his burden of demonstrating to the trial court that the TWC's

decision was not supported by substantial evidence. *See id*. The trial court did not err in concluding that the TWC's decision was supported by substantial evidence.

We overrule Harding's two issues and affirm the trial court's judgment.


                                                       REX D. DAVIS
                                                       Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 1, 2013
[CV06]