

# NUMBER 13-18-00671-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARTIN KROESCHE,                                                Appellant,

v.

TEXAS WORKFORCE COMMISSION
AND WASSAR LOGISTICS HOLDINGS,                      Appellees.

### On appeal from the 156th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

By three issues, which we address as one, appellant Martin Kroesche argues the trial court erred by granting appellees Texas Workforce Commission (TWC) and Wassar Logistics Holdings, LLC (Wassar)'s motion for summary judgment. Kroesche alleges (1) that he proved that Wassar had a written policy providing for payment for unused time off; (2) there was no summary judgment evidence that any conflicting version of Wassar's

written policy was submitted at the TWC hearing; and (3) the Texas Administration Code requires payment of Kroesche's paid time off (PTO) because Wassar's written policy provides for such payment.   We affirm.

## I.   BACKGROUND

Wassar employed Kroesche as its president from January 2016 to July 19, 2016, when his employment was terminated.   Kroesche previously worked for Flo-Trend Systems (Flo-Trend), until it was acquired by Wassar.   On February 1, 2016, Kroesche entered into an employment agreement with Wassar that stated:

> 4.   Other Benefits.   During the Term of Employment, the Company shall provide Employee the following benefits, which can be modified at any time, in the Company's sole discretion:
>
>    (a)   Vacation.   Employee shall be entitled to 3 weeks of vacation for each calendar year during the Term of Employment, prorated for any partial years during the Term of Employment, in accordance with the Company's vacation policy.   Vacation shall be used by Employee at Employee's reasonable discretion, but shall not be carried over from year to year.

Following the employment agreement, a letter dated March 16, 2016, was sent to all Flo-Trend employees, which contained the following:

> Vacation and Sick Pay:   We have established guideline [sic] for vacation and sick pay.   You are entitled to; [sic]
>
>    ▪   One full week pay after the first year of employment.
>
>    ▪   Two full weeks after 3 years of employment.
>
>    ▪   After first year, 3 days per year for personal time off (sick or otherwise).
>
>    ▪   After 7 years, 3 weeks and 5 days PTO or a total of 4 weeks.

- All vacations must be scheduled with your supervisor and approved. You will need to seek management approval to take more than one week consecutively off.

- No carry over.

- The Company may or may not establish a policy to compensate for unused time off.

> Note: Vacation and PTO pay is not automatically granted on the first day of the year, it is accrued by payroll period through the year. Existing employees from FTS, Inc. are grandfathered and vacation/PTO is considered earned.

An updated letter to Flo-Trend employees was issued, still dated March 16, 2016, which included the same bulleted language, but the "Note" section now stated:

> Note: Vacation and PTO pay is not automatically granted on the first day of the year, it is accrued by payroll period through the year.

Following his termination from Wassar, Kroesche filed a claim for wages with the TWC because he claimed Wassar refused to pay him the amounts owed to him for his unused vacation time and PTO. *See* TEX. LAB. CODE ANN. § 61.051. On December 28, 2016, the TWC dismissed Kroesche's claim for wages in a preliminary wage determination order. *See id.* § 61.052. He appealed, and the TWC held administrative hearings on March 7 and April 18, 2017. *See id.* § 61.054. On July 14, 2017, the TWC issued its final administrative decision affirming the dismissal of Kroesche's claim stating that Wassar "did not have a written agreement or policy providing for the payment of vacation or PTO at separation." *See id.* § 61.060.

Kroesche filed this suit requesting review of the TWC's determination in district court. *See id.* § 61.062. Wassar and the TWC filed a joint motion for summary judgment and attached exhibits to support their motion. Kroesche responded stating

Wassar did have a written policy in place and he was entitled to unpaid wages. After allowing Wassar and the TWC to supplement their motion for summary judgment evidence and hearing argument, the trial court took the motion under advisement. The trial court ultimately agreed with the TWC and Wassar and granted their joint motion for summary judgment. This appeal followed.

## II.     MOTION FOR SUMMARY JUDGMENT

By three issues, which we construe as one, Kroesche challenges the trial court's granting of the appellees' motion for summary judgment. By what we construe as sub-issues, Kroesche argued that he proved the version of the written policy he produced at the TWC hearing was the correct one, that Wassar did not submit any summary judgment evidence showing a conflicting policy to the TWC, and that the written policy he presented entitled him to PTO under the Texas Payday Law and Texas Administrative Code. *See* 40 TEX. ADMIN. CODE § 821.25 (2019) (Tex. Workforce Comm'm, Texas PayDay Rules).

### A.     Standard of Review

A trial court reviews the TWC's decision on a wages claim by trial de novo to determine whether there is substantial evidence to support the TWC's ruling. *See* TEX. LAB. CODE ANN. § 61.062(e); *see also Evangel Healthcare Charities, Inc. v. Tex. Workforce Comm'n*, No. 14-17-00942-CV, 2018 WL 5074534, *2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2018, no pet.) (mem. op.). "Trial de novo of a TWC ruling 'requires the court to determine whether there is substantial evidence to support the ruling of the agency, but the reviewing court must look at the evidence presented in trial and not the record created by the agency.'" *Harris Cty. Appraisal Dist. v. Tex. Workforce Comm'n*,

4

519 S.W.3d 113, 118 (Tex. 2017) (quoting *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986)). The TWC's wage decision enjoys a presumption of validity, and the party seeking to set aside such a decision has the burden of showing that the decision is not supported by substantial evidence—that is, it is not supported by more than a scintilla of evidence. *Id.* "A trial court may not set aside a TWC decision merely because it would have reached a different conclusion; rather, the court may do so only 'if it finds that the [TWC's] decision was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious.'" *Id.* (quoting *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998)). On appeal from summary judgment affirming the TWC's decision, we conduct a de novo review of the summary judgment evidence to determine whether, as a matter of law, substantial evidence supports the TWC's decision. *Id.*

## B. Applicable Law and Discussion

Under the labor code, wages are defined as:

compensation owed by an employer for:

> (A) labor or services rendered by an employee, whether computed on a time, tasks, piece, commission, or other basis; and

> (B) vacation pay, holiday pay, sick leave pay, parental leave pay, or severance pay owed to an employee under a *written agreement* with the employer or under a *written policy* of the employer.

TEX. LAB. CODE ANN. § 61.001 (emphasis added). Kroesche alleges that Wassar's above referenced policy constituted a "written policy." Wassar and the TWC argue that there was no written policy regarding unused vacation time and PTO in place, so therefore,

5

Kroesche is not entitled to pay for his unused vacation time and PTO. As exhibits to their motion for summary judgment, Wassar and the TWC attached copies of Kroesche's employment agreement as well as the original March 16, 2016 policy letter sent to all Flo-Trend employees, which stated that Wassar "may or may not establish a policy to compensate for unused time off." Although the trial court later allowed Wassar and the TWC to include the amended policy letter to their summary judgment evidence, the amended policy still contained the same language that Wassar "may or may not establish a policy to compensate for unused time off." The only difference in the two letters related to when vacation time was "earned."

Kroesche argues that once he "earned" vacation time and PTO, it was similar to wages and he was entitled to payment for that time. However, his argument is not supported by the code provisions. *See* TEX. LAB. CODE ANN. § 61.001, 40 TEX. ADMIN. CODE § 821.25.[1] Wassar stated it did not have a written policy concerning unused vacation time or PTO, and the submitted documentation by Kroesche before both the TWC and the trial court support Wassar's argument. The TWC found that there was no written policy between Wassar and Kroesche regarding payment for unused vacation time and PTO; thus, Kroesche was not entitled to his claim of unpaid wages. Thus, having found more than a scintilla of evidence to support the TWC's administrative decision, we hold that Kroesche did not rebut the presumption of validity of the TWC's ruling. *See Harris Cty. Appraisal Dist.*, 519 S.W.3d at 118. The trial court properly granted Wassar

---

[1] The administrative code states that vacation pay, sick leave pay, and PTO are considered wages or payable to the employee upon separation "only if there is a written agreement with the employer or a written policy of the employer specifically provides for payment." 40 TEX. ADMIN. CODE § 821.25(a), (f), (g) (2019) (Tex. Workforce Comm'm, Texas PayDay Rules).

and TWC's motion for summary judgment.   We overrule Kroesche's issue.[2]

### III.   CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
22nd day of August, 2019.

---

[2] Kroesche's sub-issues do not change our holding in this case.   Both the original policy letter and the amended policy letter included the same language that Wassar "may or may not establish a policy" regarding compensation for unused time.   Consideration of either letter would support the TWC's finding of no written policy.   Additionally, the administrative code does not support Kroesche's position regarding payment of unused leave because there was no written policy in place.   *See* 40 TEX. ADMIN. CODE § 821.25.