Frances OLIVAREZ, et al, Petitioners,

v.

ALUMINUM CORPORATION OF
AMERICA (ROCKDALE
WORKS), Respondent.

No. C–4192.

Supreme Court of Texas.

July 17, 1985.

Jim Mattox, Atty. Gen., David R. Richards and Nolan F. Ward, Asst. Attys. Gen., David Van Os, Schwartz, Waterman, Fickman and Van Os, Austin, for petitioners.

Charles Lance, Cameron, for respondent.

PER CURIAM.

This is a substantial evidence case involving an appeal from an award of unemployment benefits by the Texas Employment Commission. The trial court set aside a TEC order awarding unemployment benefits to 124 employees of Aluminum Corporation of America. The court of appeals, in an unpublished opinion, affirmed the judgment of the trial court. Pursuant to Tex.R. Civ.P. 483, without hearing oral argument, we reverse the judgments of the court of appeals and trial court and affirm the award by the TEC.

Francis Olivarez was one of 128 Alcoa employees laid off indefinitely in January, 1982 from Alcoa's Rockdale facility. The layoff was due to depressed economic conditions at the time. Immediately prior to the layoff, Alcoa representatives met with the employees to apprise them of insurance and vacation benefits available during the layoff period. At the meetings attended by 124 employees, Alcoa representatives announced that all vacations had been "rescheduled" to coincide with the layoff and that the employees were required to take any accumulated vacation time during the layoff. Consequently, those employees took their vacation time and pay during the layoff period.

The collective bargaining agreement between Alcoa and its employees requires Alcoa to pay weekly supplemental unemployment benefits if an employee is eligible for state unemployment benefits and not receiving vacation pay. Alcoa contends that the vacation pay is wages allocable to the weeks subsequent to the layoff thereby rendering the employees ineligible for unemployment benefits.

932

The TEC held the vacation pay was not wages allocable to any part of the layoff period. The agency reasoned the vacation pay already had been earned by previous service, and the employees did not voluntarily choose to accept their vacation pay when the layoff period commenced. Consequently, the employees were adjudged totally unemployed and awarded unemployment benefits for the time period designated as vacation time by Alcoa.

Alcoa filed suit in district court to set aside the award to Olivarez and the other 123 employees affected by the TEC order. The trial court held the Commission's order was arbitrary and disallowed the unemployment benefits for the vacation period. The court of appeals acknowledged a factual dispute existed whether the employees were required to take their vacation pay and time during layoff. The court resolved the factual dispute in favor of Alcoa and held that the Commission order was not supported by substantial evidence.

 This court has recently set out the requirements for review of an agency ruling in *Firemen's and Policemen's Civil Service Commission v. Brinkmeyer*, 662 S.W.2d 953 (Tex.1984). In that case, we held that a reviewing court could not substitute its judgment for that of an agency on controverted issues of fact.

> When there is substantial evidence which would support either affirmative or negative findings the administrative order must stand, notwithstanding the agency may have struck a balance with which the court might differ. *Gerst v. Goldsbury*, 434 S.W.2d 665, 667 (Tex.1968). The trial court may not set aside an administrative order merely because testimony was conflicting or disputed or because it did not compel the result reached by the agency.

*Brinkmeyer* at 956. Although substantial evidence must be more than a mere scintilla, it need not be a preponderance. In fact, the evidence may be substantial and yet greatly preponderate the other way. *Lewis v. Metropolitan Savings and Loan Assn.*, 550 S.W.2d 11, 13 (Tex.1977).

 The order is supported by substantial evidence. Consequently, the trial court and court of appeals merely substituted their judgment for that of the TEC on a controverted issue of fact and thus, failed to correctly apply the substantial evidence test as in *Brinkmeyer*.

Pursuant to Tex.R.Civ.P. 483, we grant the applications for writ of error, and without hearing oral argument, reverse the judgments of the trial court and court of appeals and affirm the order of the TEC awarding unemployment benefits for the period in question.