*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00508-CV

Jose F. **VASQUEZ**, Jr.,
Appellant

v.

**TEXAS WORKFORCE COMMISSION**, Merchants Building Maintenance, LLC,
and Pat Montes,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-17337
Honorable Martha Tanner, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  June 10, 2009

AFFIRMED

This appeal arises from the employment termination of Jose F. Vasquez, Jr., a janitor employed by Merchants Building Maintenance, LLC (Merchants).  Vasquez sought judicial review of an administrative ruling by the Texas Workforce Commission (TWC) denying unemployment benefits to Vasquez.  The trial court granted summary judgment in favor of TWC, Merchants, and Operations Manager Pat Montes and affirmed TWC's decision.  Because

the trial court applied the correct standard of misconduct and substantial evidence existed to support TWC's denial of benefits to Vasquez, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Merchants, a maintenance company, employed Vasquez as a janitor at Rolling Oaks Mall in San Antonio. His job duties included sweeping, mopping, waxing the floors, emptying trash containers, dusting, cleaning the glass doors and windows, and other duties as assigned. On June 20, 2006, Supervisor Ray Ledesma instructed Vasquez to clean the food court and, more specifically, to remove brown circular spots from the wall in a private hallway adjacent to the food court.

Vasquez claims that his attempts to remove the spots with soap and water were unsuccessful. But when he requested bleach, Ledesma informed Vasquez that there was no bleach available and that he was to use Windex or some other available product. Vasquez further claims that when he attempted to inform Ledesma that the spots could not be removed without bleach, Ledesma had already left for the day. Left without other options, Vasquez returned to the food court to continue his assigned duties and abandoned further efforts to remove the spots.

Several hours later, Operations Manager Pat Montes instructed Vasquez to "clock out and go home" because of his failure to remove the brown spots. The following morning, Ledesma informed Vasquez that his employment with Merchants was terminated.

Vasquez subsequently filed for unemployment benefits with TWC and was approved. Merchants appealed TWC's decision alleging that Vasquez was discharged for refusing to perform his regular duties as assigned and instructed by his supervisor. On August 22, 2006, TWC's Appeal Tribunal reversed the prior approval of benefits finding that Vasquez committed

"misconduct" under the Texas Labor Code. Vasquez was ordered to repay any previously collected benefits. Vasquez's appeal of the Appeal Tribunal's decision was denied on October 24, 2006 and he filed suit in district court. The parties filed cross-motions for summary judgment and on May 30, 2008, the trial court granted summary judgment in favor of appellees and denied Vasquez's motion for summary judgment. This appeal followed.

## STANDARD OF REVIEW

The standard of review for a traditional summary judgment is well established: (1) the movant must show "that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) [i]n deciding whether there is a disputed material fact issue precluding summary judgment," the court must take "evidence favorable to the non-movant . . . as true"; and (3) the court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on each challenged element. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex. 1995). Because the case before the trial court was an appeal from a TWC ruling, we must analyze the summary judgment evidence in the context of a substantial evidence review.

TWC's actions are presumed valid and a party challenging a TWC ruling bears "the burden to show that [the ruling is] not supported by substantial evidence." *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998); *accord Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986); *City of San Antonio v. Tex. Water Comm'n*, 407 S.W.2d 752, 758 (Tex. 1966). Additionally, the challenging party must meet this burden with regard to any possible basis for

upholding TWC's decision, not solely TWC's stated basis. *See Tex. Employment Comm'n v. Hays*, 360 S.W.2d 525, 527 (Tex. 1962).

Substantial evidence is "more than a mere scintilla, or some evidence." *Beaumont v. Tex. Employment Comm'n*, 753 S.W.2d 770, 772 (Tex. App.—Houston [1st Dist.] 1988, writ denied). But substantial evidence may be less than a preponderance of the evidence. *Olivarez v. Aluminum Corp. of Am. (Rockdale Works)*, 693 S.W.2d 931, 932 (Tex. 1985) (per curiam). "In fact, the evidence may be substantial and yet greatly preponderate the other way." *Id.* (quoting *Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex. 1977)); *see also Matthews v. Scott*, 268 S.W.3d 162, 172 (Tex. App.—Corpus Christi 2008, no pet.). "Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function." *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984).

To prevail on his summary judgment motion, Vasquez had to establish that TWC's decision was "made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious." *See Mercer*, 701 S.W.2d at 831. Vasquez "cannot meet [his] burden merely by casting doubt on the TWC's decision." *See City of Houston v. Morris*, 23 S.W.3d 505, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Brinkmeyer*, 662 S.W.2d at 956. To the contrary, Vasquez "must produce evidence that conclusively negates all reasonable support for [TWC's] decision, on any ground offered." *See Morris*, 23 S.W.3d at 508. In support of his summary judgment and in response to the appellees' motion for summary judgment, Vasquez argues that there was no evidence before TWC that his actions amounted to misconduct under the terms of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 201.012 (Vernon 2006). Therefore, TWC acted arbitrarily and capriciously when it ruled in the appellees' favor.

To prevail on their summary judgment, the appellees had to establish that there was no genuine issue as to any material fact and they were entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548. In other words, there was more than a scintilla of evidence to support TWC's finding that Vasquez engaged in misconduct and, therefore, was not entitled to unemployment benefits. *See Olivarez*, 693 S.W.2d at 932.

## TEXAS WORKFORCE COMMISSION DECISIONS

The underlying issue in this case concerns the meaning of misconduct under the Texas Unemployment Compensation Act (TUCA). *See* TEX. LAB. CODE ANN. §§ 201.001–.101 (Vernon 2006). The TUCA compensates those who become unemployed through no fault of their own. However, "[a]n individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work." TEX. LAB. CODE ANN. § 207.044(a) (Vernon 2006). Further, the TUCA defines misconduct as:

> mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees.

TEX. LAB. CODE ANN. § 201.012 (Vernon 2006). Repeated acts of carelessness that place an employer's property in jeopardy, coupled with intermittent periods of satisfactory performance, can amount to misconduct. *See Tex. Employment Comm'n v. Tates*, 769 S.W.2d 290, 291-92 (Tex. App.—Amarillo 1989, no writ).

Vasquez asserts the trial court and TWC applied the wrong standard of misconduct to Vasquez; thus, TWC's decision was unreasonable, arbitrary, and capricious. Vasquez argues that "misconduct" requires a showing of intent, citing *Mercer v. Ross*, 701 S.W.2d 830 (Tex. 1986) and *Texas Employment Commission v. Torres*, 804 S.W.2d 213 (Tex. App.—Corpus Christi 1991, no writ), as authority to support his position. Both cases are distinguishable.

*Mercer* states "mismanagement, not misconduct in general, requires intent." *Mercer*, 701 S.W.2d at 831. Mismanagement, however, is only one of the prohibited acts constituting misconduct. TEX. LAB. CODE ANN. § 201.012 (Vernon 2006) (defining misconduct). In *Torres*, on the other hand, the court did not find misconduct by the employee, but held the employee's discharge was due to neglect. *Torres*, 804 S.W.2d at 216. In the present case, TWC found:

> that the greater weight of the evidence supports the employer's version of the facts because it was corroborated by the testimony of a firsthand witness. Based on the foregoing, the evidence presented establishes the claimant failed to perform his assigned job duties when he did not properly clean the walls in the hallway. Because failure to properly perform job duties is misconduct under the above Commission precedent, and as the claimant had previously been warned for the same offense, the claimant committed work connected misconduct.

TWC did not find negligent conduct, thus *Torres* is inapplicable. We decline to require a showing of intent for a violation of a company rule where none is required under the statute. We hold that misconduct consisting of the violation of a rule or policy does not require evidence of intent under the terms of the statute. With that holding in mind, we turn to the summary judgment evidence before the trial court to determine if there was some evidence to support TWC's ruling.

## A. Summary Judgment

In his second issue on appeal, Vasquez argues that because substantial evidence was not presented to support a finding of misconduct, the trial court erred in granting TWC's motion for summary judgment and in denying his motion for summary judgment. The only issue before the trial court was the legal question of whether TWC acted reasonably in denying Vasquez's claim for unemployment benefits. *See Hunnicutt*, 988 S.W.2d at 708 ("[T]he issue is whether the evidence introduced before the trial court shows facts in existence at the time of the TEC's decision that reasonably support the decision.").

We must determine whether the summary judgment evidence established, as a matter of law, that substantial evidence existed to support TWC's decision. TWC specifically found that Vasquez engaged in work related misconduct and was, therefore, not eligible for unemployment benefits. *See* TEX. LAB. CODE ANN. § 207.044(a) (Vernon 2006) ("An individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work.").

In its decision denying Vasquez benefits, TWC acknowledged the conflicting testimony. The question is not whether there was conflicting evidence before TWC, but whether its denial of benefits was supported by more than a scintilla of evidence. *See Olivarez*, 693 S.W.2d at 932; *Brinkmeyer*, 662 S.W.2d at 956. The evidence established that prior to Merchants taking over the maintenance contract of the mall, Vasquez received commendations for positive job performance. However, during his last year of employment, Vasquez's supervisors documented his poor performance on several occasions.

| | |
|---|---|
| September 25, 2005: | Failure to complete his assigned tasks; warned he would be discharged |
| December 15, 2005: | Failure to remove a stain by the security bank as requested by his supervisor |
| March 27, 2006: | Failure to properly clean the food court floor along the front walkway; told to use mops behind the scrubber to pick up the dirty water |
| April 21, 2006: | Failure to satisfactorily clean glass and chrome |
| June 13, 2006: | Warned that floors in the mall were very dirty and not properly scrubbed |
| June 20, 2006: | Warned that hallways, railings, and sides of the file were not cleaned as instructed |

Each report prior to June 13, 2006 was signed and acknowledged by Vasquez.

Ledesma's affidavit explained that Vasquez was provided with, and had access to, all of the cleaning materials required to satisfactorily complete his job duties. Ledesma further stated that he "had to write [Vasquez] up on more than one occasion for poor performance of his job

duties" and that Ledesma did not remember ever giving as many warnings to any other employee as were given to Vasquez prior to his termination. Additionally, in Montes's affidavit, she recalled being contacted on several occasions regarding Vasquez's poor job performance. TWC determined that Vasquez's intentional violation of a direct order from his supervisor amounted to misconduct. As the Dallas Court of Appeals explained in *Potts v. Texas Employment Commission*, 884 S.W.2d 879, 882 (Tex. App.—Dallas 1994, no writ), if any reasonable person could have come to the same conclusion, regardless of the grounds on which the decision is based, TWC's decision should be upheld. *Id.*

The documents admitted into evidence establish that there was some evidence that Vasquez failed to respond to a directive from his supervisor—to clean the brown circular stains. This evidence constitutes insubordination, a terminable offense according to Merchants' policies. Vasquez failed to carry his burden to establish that TWC's determination was not supported by substantial evidence. Accordingly, we hold there was substantial evidence to support TWC's denial of benefits to Vasquez as a matter of law and therefore, the trial court did not err in granting summary judgment on behalf of the appellees.

**B. Employer Under the Texas Unemployment Compensation Act**

Finally, Operations Manager Pat Montes asserts that because she is not an employer under the Texas Labor Code, she is not personally subject to the Texas Unemployment Compensation Act (TUCA). We agree. The TUCA provides "'employer' means an employing unit that:"

> (1) paid wages of $1,500 or more during a calendar quarter in the current or preceding calendar year; or
> (2) employed at least one individual in employment for a portion of at least one day during 20 or more different calendar weeks of the current or preceding calendar year.

TEX. LAB. CODE ANN. § 201.021(a) (Vernon 2006). The TUCA further provides that an "'[e]mploying unit' means a person who . . . has employed an individual to perform services for the person in this state." *Id*. § 201.011(11).

The testimony is uncontroverted that Vasquez was employed by Merchants and that Pat Montes was the operations manager of Merchants. Montes was an employee of Merchants, not the owner. Vasquez was never employed by Montes and she never personally paid Vasquez wages for any services performed for her as her employee. *Id*. She was, therefore, not his employer and not subject to the TUCA. As such, the trial court properly granted summary judgment as to Appellee Pat Montes.

## CONCLUSION

The trial court correctly found substantial evidence existed to support TWC's denial of benefits. The appellees established that there was substantial evidence to support TWC's decision as a matter of law. Vasquez's summary judgment evidence did not raise a genuine issue of material fact. Thus, the trial court correctly granted summary judgment for the appellees and denied summary judgment to Vasquez. Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice