NO. 07-09-0149-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 19, 2010

_____

BIGHAM AUTOMOTIVE & ELECTRIC CO., INC.,
APPELLANT

V.

TEXAS WORKFORCE COMMISSION AND FRANK MENDEZ,
APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,728; HONORABLE WILLIAM SOWDER, JUDGE

_____

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is an appeal of a Texas Workforce Commission (TWC) administrative appeal determining that the Claimant/Appellee, Frank Mendez, was terminated from employment by Appellant, Bigham Automotive & Electric Co, Inc. (Bigham Automotive). Bigham Automotive contends the trial court erred in granting summary judgment in favor of Appellees, TWC and Mendez. Specifically, Bigham Automotive asserts (1) the trial

court erred when it held that substantial evidence supported TWC's decision; (2) substantial evidence supported a finding that Mendez left his job voluntarily without good cause; (3) key precedent relied upon by TWC in its decision is inapplicable, and (4) substantial evidence supported a finding that Mendez was discharged due to his own misconduct.  We affirm.

## Background

On March 20, 2007, Mendez, a Bigham Automotive employee for six years, injured himself on the job.  On April 6, Mendez returned to his workplace to pick up a paycheck and indicated he would return to work the following week.  His supervisor, Richard Bigham (Bigham) responded that Mendez should take his time.

On April 10, Bigham received a letter from Mendez's attorney requesting a site inspection of the area where Mendez was injured and indicated that all contact with the Mendez family should go through him.  Several days later, Mendez received a call from Vince Lara, a Bigham Automotive parts manager.  Lara told Mendez that, when Bigham received the letter from Mendez's attorney, Lara overheard Bigham say that he intended to have Mendez arrested for trespass if he showed up at work.  Mendez concedes that Lara was not his supervisor and had no managerial authority over him.

On April 16, Mendez, accompanied by his attorney, returned to Bigham Automotive, collected his tools and did not return.

## Unemployment Proceedings

In July 2007, Mendez filed a claim for unemployment compensation. On August, 20, an examiner ruled in Bigham Automotive's favor finding that Mendez had quit or abandoned his job.[1]

Mendez subsequently appealed to TWC's Appeal Tribunal ("Tribunal").[2] On August 8, an officer for the Tribunal held a hearing. Mendez testified that, shortly after his attorney sent a letter to Bigham Automotive, Lara called him and reported that, the day Bigham received a letter from Mendez's attorney, he overheard Bigham say that, if Mendez returned to work, he would have Mendez arrested for trespass. Mendez testified that, after hearing Lara's recount of Bigham's statement, he believed Bigham had fired him because he had retained an attorney.

When asked whether he told any employees that Mendez would be arrested if he showed up for work, Bigham testified, in pertinent part, at the hearing as follows:

> You know, I might have made a comment---I was a little upset and I might have made a comment---It was something like that---you know, out of text. I don't---I don't---I don't know what, you know, I said in the heat of battle there. But I didn't fire the man.

---

[1]*See* Tex. Lab. Code Ann. §§ 212.051-.054 (Vernon 2006). For convenience, we will cite provisions of the Texas Labor Code throughout the remainder of this opinion simply as "Section ___" or "§ ___."

[2]*See* §§ 212.101-.104.

3

On September 14, the Tribunal issued its decision and reversed the examiner's prior ruling disqualifying Mendez from obtaining unemployment compensation. The Tribunal's decision stated, in pertinent part, as follows:

> In the current case, the employer admitted that he made the statement that claimant would be arrested for trespassing if he appeared on the employer's property. Such statement is clearly an intention to discharge the claimant, as an employee would not be arrested for appearing on his employer's property. This statement, and thus, intention, was communicated to the claimant by the parts manager, a person in authority. Therefore, the claimant's conclusion that he had been discharged and his resulting failure to report for work was not unreasonable, and he was discharged under Section 207.044 of the Act. Therefore, the claimant's discharged (sic) was not for misconduct connected with the work under Section 207.044 of the Act. The determination dated August 2, 2007, disqualifying the claimant . . . will be reversed under Section 207.044 of the Act.

Bigham Automotive subsequently appealed the Tribunal's decision directly to the TWC.[3] TWC adopted the Tribunal's findings of fact and conclusions of law and affirmed its decision in all respects. Thereafter, Bigham Automotive appealed the TWC's decision to the 99th Judicial District Court in Lubbock County.[4] TWC and Bigham Automotive filed cross-motions for summary judgment. The trial court granted TWC's motion for summary judgment and denied Bigham Automotive's motion, finding "there is substantial evidence to support [TWC's] unemployment benefits decision." This appeal followed.

---

[3]See §§ 212.151-.153.

[4]See §§ 212.201-.210.

4

**Discussion**

Bigham Automotive asserts the trial court's decision is neither supported by substantial evidence nor reasonable because Bigham did not admit that he made the statement communicated by Lara to Mendez and, even if he did, Lara was not a "person in authority" with management discretion to fire Mendez. Bigham Automotive also asserts there is substantial evidence supporting a finding that Mendez left his job voluntarily without good cause, key precedent relied upon by TWC is inapplicable, and substantial evidence supported a finding that Mendez was discharged due to his own misconduct.

**Standard of Review**

Judicial review of a TWC tribunal ruling is "by trial de novo based on the substantial evidence rule." § 212.202. *See Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Under a substantial evidence review, the issue is whether the evidence introduced at trial shows facts in existence at the time of TWC's decision that reasonably support the decision, i.e., the trial court must determine whether reasonable minds could have reached the same conclusion that TWC reached. *Collingsworth Gen. Hosp. v. Hunnicutt,* 988 S.W.2d 706, 708 (Tex. 1998). When there is substantial evidence supporting an administrative order, the order must stand, notwithstanding the fact that the trial court may have reached a different result. *Gerst v. Goldsbury,* 434 S.W.2d 665, 667 (Tex. 1968).

5

Because a TWC decision regarding unemployment benefits carries a presumption of validity with it, *Collingsworth,* 988 S.W.2d at 708, the burden is on the party seeking to set aside the decision to prove that TWC's ruling is not supported by substantial evidence. *Mercer*, 701 S.W.2d at 831. Although substantial evidence must be more than a scintilla of evidence, it need not be a preponderance. *Olivarez v. Aluminum Corp. of Am. (Rockdale Works),* 693 S.W.2d 931, 932 (Tex. 1985) (*per curiam*). Consequently, the evidence may preponderate against TWC's decision but still amount to substantial evidence sufficient to uphold the administrative ruling. *Id.* (quoting *Lewis v. Metro Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex. 1977)). In addition, "[r]esolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function." *Firemen's and Policemen's Civil Service Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984).

The issue on review is strictly one of law; the administrative body being the primary fact-finding body. *Brinkmeyer*, 662 S.W.2d at 956. *See City of Houston v. Morris*, 235 S.W.3d 505, 507 (Tex.App.--Houston 2000, no pet.). Here the parties filed cross motions for summary judgment. Our task then in this appeal is to determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support TWC's decision. *See, e.g., Direct Communications, Inc. v. Lunsford,* 906 S.W.2d 537, 542 (Tex.App.--Dallas 1996, no writ). If, based on the evidence, any reasonable person could have come to the same conclusions as TWC, then the agency's decision must be upheld, even if the reviewing court could have

6

reached a different conclusion. *See Potts v. Tex. Employment Comm'n*, 884 S.W.2d 879, 882 (Tex.App.--Dallas 1994, no writ).

## I. Lara's Statement and "Person in Authority"

Bigham Automotive correctly asserts that, without Mendez's account of his conversation with Lara wherein Lara informed Mendez of the statement he overheard Bigham make upon receiving the letter from Mendez's attorney, there would be no evidence supporting TWC's determination that Mendez was fired because he obtained legal representation. And, while Bigham Automotive also correctly asserts the multiple hearsay statements may be inadmissible,[5] TWC's Tribunal clearly inferred from Bigham's equivocal testimony that he admitted making the statement described by Lara to Mendez "in the heat of battle."

Thus, TWC's decision does not rest so much on Lara's statement to Mendez as it does Bigham's equivocal testimony from which the hearing officer inferred an admission that Bigham had made the statement. Because TWC "determines the meaning, weight, and credibility to assign conflicting evidence," *County of Reeves v. Tex. Comm'n on*

---

[5]In a trial *de novo*, the evidence heard by the agency is not *per se* admissible in the district court. *Levelland Independent School District v. Contreras*, 865 S.W.2d 474, 476 (Tex.App.--Amarillo 1993, writ denied). The trial court makes its substantial evidence determination based on the evidence admitted at the trial *de novo*, not on the record created by the administrative agency. *Mercer*, 701 S.W.2d at 831. Whether the evidence is admissible depends upon "its own merits under the general rules of evidence." *Direct Communications, Inc. v. Tex. Employment Comm*'n, 906 S.W.2d 537, 540 (Tex.App.--Dallas 1995, no writ) (quoting *Mary Lee Found v. Tex. Employment Comm'n*, 817 S.W.2d 725, 727 (Tex.App.-- Texarkana 1991, writ denied). If a statement contains multiple levels of hearsay, the statement is only admissible if each component hearsay statement qualifies under an exception to the hearsay rule. *See* Tex. R. Evid. 802, 805. Here, Bigham's statement overheard by Lara, then communicated to Mendez who testified to the statement before the hearing officer was plainly introduced to prove the truth of the matter asserted and TWC makes no argument that any exception to the hearsay rule applies.

*Envtl. Quality*, 266 S.W.3d 516, 528 (Tex.App.--Austin 2008, no pet.), we defer to TWC's determination regarding Lara's statement to Mendez coupled with Bigham's testimony and find there is substantial evidence Bigham Automotive fired Mendez because Mendez sought legal representation. This is particularly so given the contemporaneous nature of Bigham's statement in relation to his receipt of the letter from Mendez's attorney.

Further, it is uncontroverted that Bigham was Mendez's immediate and only supervisor. Thus, Bigham's statement was made by a "person in authority" albeit relayed by Lara, a manager, to Mendez. Bigham Automotive's first issue is overruled.

## II. Voluntary Termination Without Good Cause

Having determined there is substantial evidence to support TWC's finding that Bigham Automotive fired Mendez because he retained legal representation, Bigham Automotive's assertion that there is also substantial evidence Mendez departed voluntarily or abandoned his job must fail. A reviewing court may not set aside a TWC decision merely because it would reach a different conclusion, *Mercer*, 701 S.W.2d at 831, and/or the evidence may "greatly preponderate the other way." *Olivarez*, 693 S.W.2d at 932. Rather, to be successful on appeal, Bigham Automotive must produce evidence that conclusively *negates* all reasonable support for TWC's decision, on any possible ground. *Brinkmeyer*, 662 S.W.2d at 956; *Edwards v. Texas Empl. Comm'n*, 936 S.W.2d 462, 465-66 (Tex.App.--Fort Worth 1996, no writ). On this record, he has failed to do so. Bigham Automotive's second issue is overruled.

**III. TWC Precedent**

Bigham Automotive also asserts that key precedent relied upon by TWC in its decision is inapplicable. *See* Texas Workforce Commission*, Appeals Policy and Precedent Manual*, MC 135.35 Discharge or Leaving: Leaving in Anticipation of Discharge, TWC Appeal No. 87-10432-19-061787 (October 1, 1996).[6] We disagree.

In TWC Appeal No. 87-10432-10-061787, the claimant left work upset after being informed by an assistant manager that the district manager was going to fire her that day. TWC held that the claimant was actually separated from her employment when she was informed of her impending firing by the assistant manager. The TWC Appeal does not discuss, and ostensibly did not find it relevant, whether the assistant manager also had authority to terminate the claimant. Here, TWC determined Mendez reasonably believed he had been discharged when Lara told him of the statement by Bigham---Mendez's only supervisor. Thus, we find TWC's precedent applicable. Bigham Automotive's third issue is overruled.

**IV. Misconduct**

Finally, Bigham Automotive asserts there is substantial evidence Mendez was properly terminated for misconduct because he "cut his hand by using unauthorized equipment improperly." In support, however, Bigham Automotive offers no more than a conclusory statement taken from Bigham Automotive's initial response to Mendez's

---

[6]The TWC's manual can be located at: http://www.twc.state.tx.us/ui/appl/app_manual.html.

claim for unemployment benefits, Work Separation Form dated July 18, 2007.[7]  Bigham Automotive cites no record evidence in support of the statement that "Claimant went into an area of the building which Claimant knew, and which was clearly marked, as off-limits to employees, and attempted to use a table saw which he was neither authorized to use, nor trained to operate."  Accordingly, not only is this allegation not supported by substantial evidence, it also fails to conclusively negate all reasonable support for TWC's decision.  *See Brinkmeyer*, 662 S.W.2d at 956; *Edwards*, 936 S.W.2d at 465-66.  Bigham Automotive's fourth issue is overruled.

### Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

---

[7]Neither did Bigham Automotive cite any additional evidence in the trial court.