NO. 07-09-0149-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 OCTOBER 19, 2010

 BIGHAM AUTOMOTIVE & ELECTRIC CO., INC., APPELLANT

 V.

 TEXAS WORKFORCE COMMISSION AND FRANK MENDEZ,
 APPELLEES

 FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2007-541,728; HONORABLE WILLIAM SOWDER, JUDGE

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 This is an appeal of a Texas Workforce Commission (TWC)
administrative appeal determining that the Claimant/Appellee, Frank
Mendez, was terminated from employment by Appellant, Bigham Automotive
& Electric Co, Inc. (Bigham Automotive). Bigham Automotive contends
the trial court erred in granting summary judgment in favor of
Appellees, TWC and Mendez. Specifically, Bigham Automotive asserts
(1) the trial court erred when it held that substantial evidence
supported TWC's decision; (2) substantial evidence supported a finding
that Mendez left his job voluntarily without good cause; (3) key
precedent relied upon by TWC in its decision is inapplicable, and (4)
substantial evidence supported a finding that Mendez was discharged
due to his own misconduct. We affirm.

 Background

 On March 20, 2007, Mendez, a Bigham Automotive employee for six
years, injured himself on the job. On April 6, Mendez returned to his
workplace to pick up a paycheck and indicated he would return to work
the following week. His supervisor, Richard Bigham (Bigham) responded
that Mendez should take his time.

 On April 10, Bigham received a letter from Mendez's attorney
requesting a site inspection of the area where Mendez was injured and
indicated that all contact with the Mendez family should go through
him. Several days later, Mendez received a call from Vince Lara, a
Bigham Automotive parts manager. Lara told Mendez that, when Bigham
received the letter from Mendez's attorney, Lara overheard Bigham say
that he intended to have Mendez arrested for trespass if he showed up
at work. Mendez concedes that Lara was not his supervisor and had no
managerial authority over him.

 On April 16, Mendez, accompanied by his attorney, returned to
Bigham Automotive, collected his tools and did not return.

 Unemployment Proceedings

 In July 2007, Mendez filed a claim for unemployment
compensation. On August, 20, an examiner ruled in Bigham Automotive's
favor finding that Mendez had quit or abandoned his job.[1]

 Mendez subsequently appealed to TWC's Appeal Tribunal
("Tribunal").[2] On August 8, an officer for the Tribunal held a
hearing. Mendez testified that, shortly after his attorney sent a
letter to Bigham Automotive, Lara called him and reported that, the
day Bigham received a letter from Mendez's attorney, he overheard
Bigham say that, if Mendez returned to work, he would have Mendez
arrested for trespass. Mendez testified that, after hearing Lara's
recount of Bigham's statement, he believed Bigham had fired him
because he had retained an attorney.

 When asked whether he told any employees that Mendez would be
arrested if he showed up for work, Bigham testified, in pertinent
part, at the hearing as follows:

 You know, I might have made a comment---I was a little upset and
 I might have made a comment---It was something like that---you
 know, out of text. I don't---I don't---I don't know what, you
 know, I said in the heat of battle there. But I didn't fire the
 man.

 On September 14, the Tribunal issued its decision and reversed
the examiner's prior ruling disqualifying Mendez from obtaining
unemployment compensation. The Tribunal's decision stated, in
pertinent part, as follows:

 In the current case, the employer admitted that he made the
 statement that claimant would be arrested for trespassing if he
 appeared on the employer's property. Such statement is clearly
 an intention to discharge the claimant, as an employee would not
 be arrested for appearing on his employer's property. This
 statement, and thus, intention, was communicated to the claimant
 by the parts manager, a person in authority. Therefore, the
 claimant's conclusion that he had been discharged and his
 resulting failure to report for work was not unreasonable, and he
 was discharged under Section 207.044 of the Act. Therefore, the
 claimant's discharged (sic) was not for misconduct connected with
 the work under Section 207.044 of the Act. The determination
 dated August 2, 2007, disqualifying the claimant . . . will be
 reversed under Section 207.044 of the Act.

 Bigham Automotive subsequently appealed the Tribunal's decision
directly to the TWC.[3] TWC adopted the Tribunal's findings of fact
and conclusions of law and affirmed its decision in all respects.
Thereafter, Bigham Automotive appealed the TWC's decision to the 99th
Judicial District Court in Lubbock County.[4] TWC and Bigham
Automotive filed cross-motions for summary judgment. The trial court
granted TWC's motion for summary judgment and denied Bigham
Automotive's motion, finding "there is substantial evidence to support
[TWC's] unemployment benefits decision." This appeal followed.

 Discussion

 Bigham Automotive asserts the trial court's decision is neither
supported by substantial evidence nor reasonable because Bigham did
not admit that he made the statement communicated by Lara to Mendez
and, even if he did, Lara was not a "person in authority" with
management discretion to fire Mendez. Bigham Automotive also asserts
there is substantial evidence supporting a finding that Mendez left
his job voluntarily without good cause, key precedent relied upon by
TWC is inapplicable, and substantial evidence supported a finding that
Mendez was discharged due to his own misconduct.

 Standard of Review

 Judicial review of a TWC tribunal ruling is "by trial de novo
based on the substantial evidence rule." § 212.202. See Mercer v.
Ross, 701 S.W.2d 830, 831 (Tex. 1986). Under a substantial evidence
review, the issue is whether the evidence introduced at trial shows
facts in existence at the time of TWC's decision that reasonably
support the decision, i.e., the trial court must determine whether
reasonable minds could have reached the same conclusion that TWC
reached. Collingsworth Gen. Hosp. v. Hunnicutt, 988 S.W.2d 706, 708
(Tex. 1998). When there is substantial evidence supporting an
administrative order, the order must stand, notwithstanding the fact
that the trial court may have reached a different result. Gerst v.
Goldsbury, 434 S.W.2d 665, 667 (Tex. 1968).

 Because a TWC decision regarding unemployment benefits carries a
presumption of validity with it, Collingsworth, 988 S.W.2d at 708, the
burden is on the party seeking to set aside the decision to prove that
TWC's ruling is not supported by substantial evidence. Mercer, 701
S.W.2d at 831. Although substantial evidence must be more than a
scintilla of evidence, it need not be a preponderance. Olivarez v.
Aluminum Corp. of Am. (Rockdale Works), 693 S.W.2d 931, 932 (Tex.
1985) (per curiam). Consequently, the evidence may preponderate
against TWC's decision but still amount to substantial evidence
sufficient to uphold the administrative ruling. Id. (quoting Lewis v.
Metro Sav. & Loan Ass'n, 550 S.W.2d 11, 13 (Tex. 1977)). In addition,
"[r]esolution of factual conflicts and ambiguities is the province of
the administrative body and it is the aim of the substantial evidence
rule to protect that function." Firemen's and Policemen's Civil
Service Comm'n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984).

 The issue on review is strictly one of law; the administrative
body being the primary fact-finding body. Brinkmeyer, 662 S.W.2d at
956. See City of Houston v. Morris, 235 S.W.3d 505, 507 (Tex.App.--
Houston 2000, no pet.). Here the parties filed cross motions for
summary judgment. Our task then in this appeal is to determine
whether the summary judgment evidence established as a matter of law
that substantial evidence existed to support TWC's decision. See,
e.g., Direct Communications, Inc. v. Lunsford, 906 S.W.2d 537, 542
(Tex.App.--Dallas 1996, no writ). If, based on the evidence, any
reasonable person could have come to the same conclusions as TWC, then
the agency's decision must be upheld, even if the reviewing court
could have reached a different conclusion. See Potts v. Tex.
Employment Comm'n, 884 S.W.2d 879, 882 (Tex.App.--Dallas 1994, no
writ).

I. Lara's Statement and "Person in Authority"

 Bigham Automotive correctly asserts that, without Mendez's
account of his conversation with Lara wherein Lara informed Mendez of
the statement he overheard Bigham make upon receiving the letter from
Mendez's attorney, there would be no evidence supporting TWC's
determination that Mendez was fired because he obtained legal
representation. And, while Bigham Automotive also correctly asserts
the multiple hearsay statements may be inadmissible,[5] TWC's Tribunal
clearly inferred from Bigham's equivocal testimony that he admitted
making the statement described by Lara to Mendez "in the heat of
battle."

 Thus, TWC's decision does not rest so much on Lara's statement
to Mendez as it does Bigham's equivocal testimony from which the
hearing officer inferred an admission that Bigham had made the
statement. Because TWC "determines the meaning, weight, and
credibility to assign conflicting evidence," County of Reeves v. Tex.
Comm'n on Envtl. Quality, 266 S.W.3d 516, 528 (Tex.App.--Austin 2008,
no pet.), we defer to TWC’s determination regarding Lara's statement
to Mendez coupled with Bigham's testimony and find there is
substantial evidence Bigham Automotive fired Mendez because Mendez
sought legal representation. This is particularly so given the
contemporaneous nature of Bigham's statement in relation to his
receipt of the letter from Mendez's attorney.

 Further, it is uncontroverted that Bigham was Mendez's immediate
and only supervisor. Thus, Bigham's statement was made by a "person
in authority" albeit relayed by Lara, a manager, to Mendez. Bigham
Automotive's first issue is overruled.

II. Voluntary Termination Without Good Cause

 Having determined there is substantial evidence to support TWC's
finding that Bigham Automotive fired Mendez because he retained legal
representation, Bigham Automotive's assertion that there is also
substantial evidence Mendez departed voluntarily or abandoned his job
must fail. A reviewing court may not set aside a TWC decision merely
because it would reach a different conclusion, Mercer, 701 S.W.2d at
831, and/or the evidence may "greatly preponderate the other way."
Olivarez, 693 S.W.2d at 932. Rather, to be successful on appeal,
Bigham Automotive must produce evidence that conclusively negates all
reasonable support for TWC's decision, on any possible ground.
Brinkmeyer, 662 S.W.2d at 956; Edwards v. Texas Empl. Comm'n, 936
S.W.2d 462, 465-66 (Tex.App.--Fort Worth 1996, no writ). On this
record, he has failed to do so. Bigham Automotive's second issue is
overruled.

III. TWC Precedent

 Bigham Automotive also asserts that key precedent relied upon by
TWC in its decision is inapplicable. See Texas Workforce Commission,
Appeals Policy and Precedent Manual, MC 135.35 Discharge or Leaving:
Leaving in Anticipation of Discharge, TWC Appeal No. 87-10432-19-
061787 (October 1, 1996).[6] We disagree.

 In TWC Appeal No. 87-10432-10-061787, the claimant left work
upset after being informed by an assistant manager that the district
manager was going to fire her that day. TWC held that the claimant
was actually separated from her employment when she was informed of
her impending firing by the assistant manager. The TWC Appeal does
not discuss, and ostensibly did not find it relevant, whether the
assistant manager also had authority to terminate the claimant. Here,
TWC determined Mendez reasonably believed he had been discharged when
Lara told him of the statement by Bigham---Mendez's only supervisor.
Thus, we find TWC's precedent applicable. Bigham Automotive's third
issue is overruled.

IV. Misconduct

 Finally, Bigham Automotive asserts there is substantial evidence
Mendez was properly terminated for misconduct because he "cut his hand
by using unauthorized equipment improperly." In support, however,
Bigham Automotive offers no more than a conclusory statement taken
from Bigham Automotive's initial response to Mendez's claim for
unemployment benefits, Work Separation Form dated July 18, 2007.[7]
Bigham Automotive cites no record evidence in support of the statement
that "Claimant went into an area of the building which Claimant knew,
and which was clearly marked, as off-limits to employees, and
attempted to use a table saw which he was neither authorized to use,
nor trained to operate." Accordingly, not only is this allegation not
supported by substantial evidence, it also fails to conclusively
negate all reasonable support for TWC's decision. See Brinkmeyer, 662
S.W.2d at 956; Edwards, 936 S.W.2d at 465-66. Bigham Automotive's
fourth issue is overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

-----------------------
[1]See Tex. Lab. Code Ann. §§ 212.051-.054 (Vernon 2006). For
convenience, we will cite provisions of the Texas Labor Code
throughout the remainder of this opinion simply as "Section ___" or "§
___."

[2]See §§ 212.101-.104.

[3]See §§ 212.151-.153.

[4]See §§ 212.201-.210.

[5]In a trial de novo, the evidence heard by the agency is not per se
admissible in the district court. Levelland Independent School
District v. Contreras, 865 S.W.2d 474, 476 (Tex.App.--Amarillo 1993,
writ denied). The trial court makes its substantial evidence
determination based on the evidence admitted at the trial de novo, not
on the record created by the administrative agency. Mercer, 701
S.W.2d at 831. Whether the evidence is admissible depends upon "its
own merits under the general rules of evidence." Direct
Communications, Inc. v. Tex. Employment Comm'n, 906 S.W.2d 537, 540
(Tex.App.--Dallas 1995, no writ) (quoting Mary Lee Found v. Tex.
Employment Comm'n, 817 S.W.2d 725, 727 (Tex.App.--Texarkana 1991, writ
denied). If a statement contains multiple levels of hearsay, the
statement is only admissible if each component hearsay statement
qualifies under an exception to the hearsay rule. See Tex. R. Evid.
802, 805. Here, Bigham's statement overheard by Lara, then
communicated to Mendez who testified to the statement before the
hearing officer was plainly introduced to prove the truth of the
matter asserted and TWC makes no argument that any exception to the
hearsay rule applies.

[6]The TWC's manual can be located at:
http://www.twc.state.tx.us/ui/appl/app_manual.html.

[7]Neither did Bigham Automotive cite any additional evidence in the
trial court.