ACCEPTED
07-15-00113-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/22/2015 9:45:58 AM
Vivian Long, Clerk

Cause 07-15-00113-CV

In the

# 𝕾𝖊𝖇𝖊𝖓𝖙𝖍 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/22/2015 9:45:58 AM
VIVIAN LONG
CLERK

---

**Mohammed Fawwaz Shoukfeh, M.D., PA; d/b/a Texas Cardiac Center,**

*Appellant,*

v.

**James G. Grattan and Texas Workforce Commission,**

*Appellees*

---

*From Cause 2014-510,479*
*In the 99ᵗʰ District Court, Lubbock County, Texas*
*The Honorable William Sowder, Judge Presiding*

---

## BRIEF OF APPELLEE JAMES G. GRATTAN

---

## ORAL ARGUMENT REQUESTED

---

**SPLAWN SIMPSON PITTS**
907 Texas Avenue (79401)
P.O. Box 1376
Lubbock, TX 79408-1376
Telephone: (806) 765-8048
Facsimile: (806) 765-5308
John Simpson    SBN 18411500
John@ssplubbocklaw.com
Attorneys for Appellee James G. Grattan

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ............................................................................................. iii

STATEMENT OF THE CASE ........................................................................................... 1

STATEMENT CONCERNING ORAL ARGUMENT ...................................................... 2

ISSUES PRESENTED ...................................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 2

SUMMARY OF THE ARGUMENT ................................................................................. 4

ARGUMENT ..................................................................................................................... 5

PRAYER .......................................................................................................................... 12

CERTIFICATE OF SERVICE ........................................................................................ 13

CERTIFICATE OF COMPLIANCE .............................................................................. 13

# TABLE OF AUTHORITIES

**Statutes and Codes:**

Tex. Lab. Code Ann. § 212.202 (2014); ........................................................ 6

**Cases:**

*Edwards v. Texas Employment Comm'n*, 936 S.W.2d 462, 465
(Tex. App.—Fort Worth 1996, no writ) .......................................... 6

*Fire Department of City of Fort Worth v. City of Fort Worth*,
217 S.W.2d 664, 665 (Tex. 1949).......................................... 6, 12

*Fireman's and Policemen's Civil Service Comm'n v. Brinkmeyer*,
672 S.W.2d 953, 956 (Tex. 1984).......................................... 6, 9

*Levelland I.S.D. v Contreras*, 865 S.W.2d 474, 476
(Tex. App.—Amarillo 1993, writ denied) .............................. 7, 8, 9

*Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986);................................ 6

*Olivarez v. Aluminum Corp. of America*, 693 S.W.2d 931, 932 (Tex. 1985)........... 6

*Texas Employment Comm'n v. Hodges*, 732 S.W.2d 427, 428
(Tex. App.—Dallas 1987, no writ) .................................................. 7

*Texas Employment Comm'n v. Ryan*, 481 S.W.2d 172, 175
(Tex. Civ. App.—Texarkana 1972, no writ)................................ 7

**TO THE HONORABLE COURT OF APPEALS:**

This appeal arose from the granting of a summary judgment for James G. Grattan and the Texas Workforce Commission and the denial of a motion for summary judgment for Mohammed Fawwaz Shoukfeh, M.D., P.A. d/b/a Texas Cardiac Center. The primary issue is a contested wage claim or Pay Day claim of James G. Grattan, employee, against his employer, Mohammed Fawwaz Shoukfeh, M.D., P.A. d/b/a Texas Cardiac Center, which was submitted to and decided by the Texas Workforce Commission pursuant to Chapter 61, Texas Labor Code.

The Commission rendered its decision in favor of Grattan and Shoukfeh appealed to the District Court of Lubbock County, Texas. Competing summary judgments were filed in the proceeding in the 99th District Court.

James G. Grattan asks the Court of Appeals to affirm the decision of the trial court because there is substantial evidence in the TWC record to support the decision of the Commission and the decision of the Commission is not arbitrary or capricious.

## STATEMENT OF THE CASE

**Nature of the Case.** James G. Grattan brought a wage claim against his employer under the authority of Chapter 61, Texas Labor Code. A telephonic hearing was held. The administrative law judge rendered her decision and it was

1

published to all parties. Both sides, Grattan and Shoukfeh, appealed that decision to the full Commission.

The Commission rendered a final decision on February 6, 2014. Shoukfeh appealed the decision in accordance with the Texas Labor Code by filing suit in the 99th District Court of Lubbock County, Texas. The appeal is a substantial evidence appeal. All parties filed motions for summary judgment.

**The Underlying Disposition.** The trial court granted Grattan's and the Texas Workforce Commission's motions and denied Shoukfeh's motion finding that there was substantial evidence to support the decision of the Commission.

## STATEMENT CONCERNING ORAL ARGUMENT

Grattan requests oral argument under the authority of Texas Rule of Appellate Procedure 39.1.

## ISSUES PRESENTED

Whether the trial court correctly granted the motions for summary judgments of Grattan and the Commission and denied the motion for summary judgment of Shoukfeh because there was substantial evidence in the TWC record to support the decision of the Commission in favor of Grattan.

## STATEMENT OF FACTS

Chapter 61, Texas Labor Code provides a claims procedure and adjudication system for wage disputes between employees and employers. James Grattan was

an employee of Mohammed Fawwaz Shoukfeh, M.D., P.A. d/b/a Texas Cardiac Center from 2006 until 2013. Upon his departure a dispute arose over the amount of compensation due to him as an employee. Grattan filed a claim under Chapter 61, Texas Labor Code, Texas Pay Day Statute. Shoukfeh disputed the claim or claims of Grattan. The issues were highly contested.

A telephonic hearing was held and the administrative law judge rendered a decision partially favorable to Grattan. Both Grattan and Shoukfeh appealed the administrative law judge's decision. The full Commission considered the appeals and rendered a final decision favorable to Grattan. Pursuant to Chapter 61, Texas Labor Code, Shoukfeh appealed to the district court of Lubbock County, Texas. All parties, including the Texas Workforce Commission, filed motions for summary judgment.

The trial court reviewed the motions, the TWC Record, the evidence and the argument of counsel. The trial court rendered its judgment in favor of Grattan finding that there was substantial evidence to support the decision of the Commission and that the decision was not arbitrary and capricious.

Shoukfeh appeals to this Court urging that the decision of the Commission is not supported by substantial evidence.

# SUMMARY OF THE ARGUMENT

Grattan would show that the issues herein have been highly contested from the fling of the original TWC claim. Both sides presented many documents to support their respective positions. Both sides were so confident in their positions that each appealed the decision of the administrative law judge.

The sole issue before the trial court was whether there was substantial evidence to support the decision of the Commission. The record of the Commission and other affidavit evidence was presented to the trial court. The judgment holds that the trial court found there to be substantial evidence to support the decision of the Commission. Grattan would show that the trial court was correct because there is substantial and significant evidence to support the decision of the Commission.

Grattan asks the Court of Appeals to affirm the judgment of the trial court.

# ARGUMENT

Grattan would show that this cause is brought by the Plaintiff ("Shoukfeh") as an appeal from a decision of the Texas Workforce Commission, Chapter 61, Texas Labor Code. The cause was filed on February 28, 2014. The Texas Workforce Commission and Grattan answered therein. This is a substantial evidence appeal and the Trial Court was confined to the "Record" before the Commission in its analysis of this case. CR: 73-250

Grattan was an employee of Mohammed Fawwaz Shoukfeh, MD, PA, for several years, ending his employment on or about April 30, 2013. Grattan filed a Wage Claim with the TWC on or about May 21, 2014. A preliminary determination was made by the TWC awarding benefits to Grattan. An appeal of this preliminary decision was taken by both parties. A telephonic hearing was held before Hearing Officer S. Dennis. The hearing officer issued her decision on October 7, 2013. Grattan timely appealed the hearing officer's decision pursuant to Chapter 61, Texas Labor Code, on or about October 21, 2013.

On or about February 6, 2104, the Texas Workforce Commission rendered its final decision awarding Grattan $125,988.91, finding that "The claimant's original calculation of what he is owed is reasonable and supported by the weight of the evidence." [TWC Record, TWC 000005/Grattan 00003] CR: 23-24, CR: 351-353

5

## Standard of Review

Texas law dictates that courts review TWC unemployment benefit determinations under the substantial evidence trial de novo standard. Tex. Lab. Code Ann. § 212.202 (2014); *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986); *Edwards v. Texas Employment Comm'n*, 936 S.W.2d 462, 465 (Tex. App.—Fort Worth 1996, no writ). In conducting this limited review, the court only determines whether the Commission's decision is reasonably supported by more than a mere scintilla of evidence. *See Olivarez v. Aluminum Corp. of America*, 693 S.W.2d 931, 932 (Tex. 1985) ("Although substantial evidence must be more than a mere scintilla, it need not be a preponderance. In fact, the evidence may be substantial and yet greatly preponderate the other way."). Further, the substantial evidence inquiry presents only a question of law to the court. *Fireman's and Policemen's Civil Service Comm'n v. Brinkmeyer*, 672 S.W.2d 953, 956 (Tex. 1984). The Texas Supreme Court described the standard as follows:

> Although the statute [a civil service act] provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence.

*Fire Department of City of Fort Worth v. City of Fort Worth*, 217 S.W.2d 664, 665 (Tex. 1949).

Because no issues of fact exist, the trial court may not substitute its judgment for that of TWC on disputed issues of fact and must defer to TWC's fact-finding authority. *Brinkmeyer*, 662 S.W.2d 953 at 956. Evidence at trial may be conflicting and even preponderate against an employer, employee, or TWC, and yet still amount to substantial evidence. *Olivarez*, 693 S.W.2d at 932.

The trial de novo aspect of the standard only means that evidence must be independently admitted, as in any other civil case. Therefore, the Texas Rules of Evidence and the Texas Rules of Civil Procedure govern what evidence is admissible at trial or on summary judgment. *Levelland I.S.D. v Contreras*, 865 S.W.2d 474, 476 (Tex. App.—Amarillo 1993, writ denied). However, once a party establishes a proper evidentiary predicate, then the Court simply determines if substantial evidence is present. *Edwards*, 936 S.W.2d at 465-67.

The Texas Supreme Court has held that substantial evidence exists if more than a mere scintilla of evidence supports the agency's decision. *Olivarez*, 693 S.W.2d at 932. Further, Texas courts note that, unlike preponderance cases, no weighing of the evidence occurs:

> No weighing of facts may be made by the courts, and as a result, the preponderance of the evidence is immaterial, as the courts cannot substitute their discretion for that of the Commission.

*Texas Employment Comm'n v. Ryan*, 481 S.W.2d 172, 175 (Tex. Civ. App.—Texarkana 1972, no writ); *see also Texas Employment Comm'n v. Hodges*, 732

7

S.W.2d 427, 428 (Tex. App.—Dallas 1987, no writ). ("Neither the trial court nor the appellate court is permitted to determine whether the Commission's decision is right or wrong, or to substitute its judgment for the Commission's.")

Because it is acting under delegated authority, TWC's decision is presumed to be correct. *Mercer*, 701 S.W.2d 830 at 831. Plaintiff bears the entire burden of showing TWC's decision was unreasonable and was made without regard to the law or the facts. *Id; Levelland I.S.D. v Contreras*, 865 S.W.2d 474, 477 (Tex. App.—Amarillo 1993, writ denied.)

There is abundant evidence in the TWC record to support the decision of the Commission. This matter was highly contested from the beginning of the proceeding. Prior to the preliminary decision, both parties submitted several pages of documentation in support of their respective positions. It is important to note that **both parties** appealed the preliminary decision. [TWC 000097/Grattan 00095] CR: 97

Numerous exhibits and documents were submitted to the Commission prior to the Pay Day Hearing on October 1, 2014. Following the hearing both sides submitted competing documentation of their respective positions. The hearing officer awarded Grattan "$5,817.32." **Both parties** appealed.

Reduced to the lowest common denominator, the critical dispute between Shoukfeh and Grattan was whether the "overhead calculation" should be

8

determined by dividing the total overhead by four doctors or by three. Shoukfeh argued that the overhead should be divided by three doctors while Grattan argued that the overhead should be divided by four.

Dr. Shoukfeh propounded the theory that a fourth doctor should not be considered in dividing the overhead as between the doctors even though a fourth doctor was practicing with the group. The TWC record contains the spreadsheet calculations Dr. Grattan used in arriving at his "amount due" figure considering a fourth doctor in the overhead calculation. [TWC 000163-173; James Grattan 00161-00171] CR: 235-243 Clearly this is evidence that supported Grattan's theory of the calculation. Plus, the TWC record discloses the documents and evidence of a prior course of dealings between the parties whereby each doctor's share of overhead was calculated on a pro rata basis over several years of practice, using all of the doctors in the practice group. [TWC 000012-000016; James Grattan 00010-00014] CR: 84-88 This was still more evidence that supported Dr. Grattan's position and represented substantial evidence that supported the Commission's final ruling and final award. The Commission made its decision based upon the evidence before it and there is substantial and material evidence to support that decision in the TWC record.

The proposition now before the Court is a matter of law only. *Fireman's and Policemen's Civil Service Comm'n v. Brinkmeyer*, 672 S.W.2d 953, 956 (Tex.

9

1984). Shoukfeh bears the entire burden of showing TWC's decision was unreasonable and was made without regard of the law or the facts. *Levelland I.S.D. v Contreras*, 865 S.W.2d 474, 477 (Tex. App.—Amarillo 1993, writ denied.) Since the Court's review is confined to the TWC's record, Grattan urges the Court to review the record and confirm that there is adequate and substantial evidence to support the ultimate and final award of the Commission. Upon review, it is clear that Shoukfeh cannot meet the heavy burden of proof as required by the *Contreras* case before the trial court or this Court.

At page 11 of Appellant's Brief the issue is clearly defined - whether the overhead was to be divided by three physicians or four physicians. Appellant says, "Although the practice had typically employed four physicians, during times of transition, three physicians divided the overhead expenses." Brief of the Appellant, Page 11

This describes the crux of the dispute. Grattan and the others never agreed to divide the overhead by three instead of four physicians. The decision to do so was made solely by Dr. Shoukfeh without consulting any other physician. Dr. Quaddour was seeing patients and was billing for his services; he was getting paid by the group; and was utilizing the equipment and staff of the group. It makes perfect sense that the doctors would expect to divide the overhead by the number of physicians in the group.

This factual dispute was clearly before the Commission. Dr. Shoukfeh made his case. Dr. Grattan made his case for his interpretation. The Commission decided the case in favor of Grattan's interpretation.

The TWC decision herein is clear, calculated, reasoned, based upon the law of the case, the facts of the case, and is not unreasonable. The TWC calculated its award by using a base net receipt figure and subtracting from that number the amounts paid to Grattan. Therefore, the award of the Commission is not arbitrary or capricious.

## PRAYER

Wherefore, James G. Grattan prays that upon consideration of the TWC record in accordance with Chapter 61, Texas Labor Code, as well as, the pleadings in this case, the Court of Appeals affirm the judgment of the trial court which affirmed the decision of the Texas Workforce Commission, dismiss the appeal of Shoukfeh and enter a judgment in favor of Grattan.

Respectfully submitted,

**SPLAWN SIMPSON PITTS**
907 Texas Avenue (79401)
P.O. Box 1376
Lubbock, TX 794081-1376
(806) 765-8048
(806) 765-5308 fax
attorney@ssplubbocklaw.com


By: __/s/ John Simpson_____
      John Simpson    SBN: 18411500
      Attorney for Appellee James G. Grattan

12

## CERTIFICATE OF SERVICE

On June 22, 2015, the undersigned certified that he electronically served a copy of this brief on the attorneys of record of the parties:

Grady Terrill
Gary Bellaire
CRAIG, TERRILL, HALE & GRANTHAM, L.L.P.
9816 Slide Road, Suite 201
Lubbock, TX 79424

Peter Laurie
ASSISTANT ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548

_/s/ John Simpson_____
John Simpson

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the typeface and length provisions of TEX. R. APP. P. 9.4 because (1) I prepared this computer-generated document in a proportionally-spaced typeface using the 14-point Times New Roman font of Microsoft Word 2010; and (2) I relied on the word-count feature of the computer program used to determine the brief contains 2,453 words, exclusive of the parts exempted by TEX. R. APP. P. 9(i)(2)(B).

_/s/ John Simpson_____
SPLAWN SIMPSON PITTS

13